W. N. NORTHCUTT v. PEOPLES BONDED WAREHOUSE COMPANY.

(Filed 27 April, 1932.)

**Warehousemen B a—Warehouse receipt held competent in action against warehouseman for failure to deliver upon demand.**

Where, in an action against a warehouse company to recover the value of cotton stored therein by the plaintiff which the defendant had refused to give up on demand, there is evidence that a third person had a lien thereon and that the warehouse receipt was issued in the name of and

delivered to the lienor, the plaintiff contending that the receipt should have been issued in his name and delivered to the lienor for safe-keeping: *Held*, the exclusion of the warehouse receipt tendered in evidence by the defendant was error, the receipts being competent to show plaintiff's inability to obtain the cotton upon demand, chapter 168, Public Laws of 1919, and it would seem in the instant case that should the plaintiff recover the amount of damages should be reduced by the amount credited to his account by the lienor.

APPEAL by defendant from *Finley, J.*, at September Term, 1931, of ANSON.

Civil action tried upon the following issues:

"1. Did the plaintiff, W. N. Northcutt, on 11 and 12 November, 1920, and on 18 December, 1920, deliver to the defendant, Peoples Bonded Warehouse Company, 60 bales of cotton, referred to and described in paragraphs 3, 4 and 5 of the complaint, and aggregating in weight 30,623 pounds, to be by said defendant kept for him? Answer: Yes.

"2. Did the plaintiff on 18 January, 1923, make demand on the defendant for the delivery to him of the cotton so stored? Answer: Yes.

"3. Did the defendant fail, neglect and refuse to make delivery according to such demand? Answer: Yes.

"4. On 18 January, 1923, what was the market value of cotton of the kind, grade and quality delivered by plaintiff to defendant on 11 and 12 November, and 18 December, 1920, as alleged in the complaint? Answer: 26½ cents per pound.

"5. What damage, if any, is the plaintiff entitled to recover of the defendant? Answer: $8,115.09."

It was in evidence that J. E. Moore and Company held a lien upon the sixty bales of cotton in question; that receipts for said cotton were issued in the name of and delivered to J. E. Moore and Company; that the same was sold in July, 1921, and the proceeds applied upon plaintiff's account with the said J. E. Moore and Company. The defendant offered in evidence the warehouse receipts covering the cotton in question, but upon objection these were excluded. Exception.

Judgment on the verdict, from which the defendant appeals, assigning errors.

*T. D. Bryson and Marshall T. Spears for plaintiff.*
*Pruette & Caudle for defendant.*

STACY, C. J. It is admitted that J. E. Moore and Company held a lien upon the cotton in question at the time of its delivery to the defendant. Receipts therefor were issued in the name of and delivered to the

lienor. Plaintiff says the agreement was, that the receipts were not to be issued in the name of the mortgagee, but in his name, and left with J. E. Moore for safe-keeping.

Under the provisions of chap. 168, Public Laws, 1919, "said receipt carries absolute title to the cotton," and the cotton which it represents is "deliverable only upon a physical presentation of the receipt." Thus, these receipts, admittedly not held by or issued to the plaintiff, were competent to show plaintiff's inability to obtain delivery of the cotton, upon demand without them, and knowledge on his part of this fact long before 18 January, 1923.

Moreover, while ratification or estoppel is not pleaded, having taken credit for the cotton on his account with J. E. Moore and Company, it would seem that plaintiff's damage, in the instant case, ought to be reduced, at least, by the amount of such credit.

New trial.