W. N. NORTHCUTT v. PEOPLES BONDED WAREHOUSE COMPANY ET AL.

(Filed 11 July, 1934.)

1. **Warehousemen C a—Recovery may not be had out of funds held by State Treasurer for failure of warehouseman to issue receipts as agreed.**

A recovery may not be had against the State Treasurer out of the fund accumulated under chapter 168, Public Laws of 1919, for a loss resulting to plaintiff by failure of a warehouse to issue official receipts for cotton to plaintiff as agreed, the receipts having been issued to the holder of a lien against the cotton and the warehouse having refused delivery of the cotton to plaintiff upon his demand, since the purpose of the act is to make warehouse receipts acceptable as collateral (sec. 5), and plaintiff is not the holder of the receipts.

**2. Warehousemen B a—Warehouseman may be held liable for failure to issue receipts as agreed even if receipts could not have been so issued.**

Plaintiff stored cotton encumbered with a lien in defendant's warehouse, and defendant warehouse company issued official receipts therefor to the holder of the lien. The jury found from the evidence that the warehouse company had agreed to·issue the official receipts to plaintiff and that plaintiff suffered loss resulting from breach of the agreement by the warehouse company. *Held*, plaintiff is entitled to recover upon the verdict the amount of the loss sustained, even if the receipts could not have been issued as agreed, chapter 168, Public Laws of 1919, sec. 12, and defendant warehouse company's demurrer to the evidence was properly overruled.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Stack, J.,* at September Term, 1933, of ANSON.

Civil action tried upon the following issues:

"1. Did the plaintiff, W. N. Northcutt, on the 11th and 12th days of November, 1920, and on the 18th day of December, 1920, deliver to defendant, Peoples Bonded Warehouse Company, the 60 bales of cotton referred to and described in paragraphs 8, 9 and 12 of the complaint, and aggregating in weight 30,623 pounds, to be by said defendant kept for him, and did the defendant agree to store said cotton and to issue official State warehouse receipts for the same in the name of the plaintiff, W. N. Northcutt, and deposit said receipts so issued with J. E. Moore and Company for safe keeping, when official receipts were received from the office of the State Warehouse Superintendent? Answer: Yes.

"2. Were the said 48 bales of cotton delivered to and received by Peoples Bonded Warehouse Company on the 11th and 12th days of November, 1920, in said warehouse on 7 December, 1920? Answer: Yes (by consent).

"3. At the time of the delivering and storing of the cotton and the agreement to issue State Warehouse receipts for the same, was said cotton encumbered by a crop lien for a debt due J. E. Moore and Company specifying it not to exceed $5,500? Answer: Yes (by consent).

"4. At the time of the issuing of the receipts to J. E. Moore and Company, was said lien unsatisfied? Answer: Yes (by consent).

(5th and 6th issues omitted as immaterial.)

"7. Did the plaintiff, on the 5th and 10th of December, 1921, make demand on the defendant, Warehouse Company, for the delivery to him of the cotton so stored? Answer: Yes.

"8. If so, what was the market value of the said cotton, at that date? Answer: 15½ cents per pound, totaling $4,746.56 (by consent).

"9. If demanded by plaintiff, did defendant, Warehouse Company, fail and neglect to make delivery of said cotton after demand? Answer: Yes.

"10. What amount, if any, was credited by J. E. Moore and Company on the plaintiff's crop lien for the year 1920, from the proceeds of the sale of the 60 bales of cotton in question? Answer: $2,989.05 (by consent).

"11. Did the plaintiff agree to the crediting of that amount on his account from proceeds of the 60 bales of cotton? Answer: No.

"12. What damage, if any, is the plaintiff entitled to recover of the defendants? Answer: $1,757.52—with interest."

Plaintiff seeks to hold the State Treasurer, as well as the Warehouse Company, not upon the official receipts, which were issued in the name of J. E. Moore and Company, but upon the failure to issue said receipts in the name of the plaintiff as agreed.

Judgment on the verdict against both defendants, from which they appeal, each assigning errors.

*M. T. Spears and T. D. Bryson for plaintiff.*

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Robinson, Pruette & Caudle for defendant Warehouse Company.*

STACY, C. J. The plaintiff first sued for the breach of an alleged private contract between himself and the Peoples Bonded Warehouse Company. A new trial was granted for error in the exclusion of certain evidence. *Northcutt v. Warehouse Co.*, 202 N. C., 657, 163 S. E., 747. Thereafter, the plaintiff recast his complaint, declared upon a verbal agreement *dehors* the receipts, and now seeks to recover against the Warehouse Company as a part of the State Warehouse System and also against the "indemnifying or guarantee fund" in the hands of the State Treasurer accumulated under chap. 168, Public Laws, 1919. *Bickett v. Tax Com.*, 177 N. C., 433, 99 S. E., 415.

It will be observed that the action is not upon the official receipts, which carry "absolute title to the cotton" (sec. 12), but for failure to issue said receipts in the name of the plaintiff as agreed. It may be doubted whether official receipts could have been issued in the name of the plaintiff, with the cotton encumbered at the time. Sec. 12. But however this may be, it is clear from the provisions of the statute that the primary purpose of the indemnifying or guarantee fund accumulated in the hands of the State Treasurer is "to make the warehouse receipts universally acceptable as collateral" (sec. 5). *Lacy v. Indemnity Co.*, 189 N. C., 24, 126 S. E., 316. Therefore, as the plaintiff is not the holder of the receipts and the action is not to recover thereon, it would seem that plaintiff's claim against the fund in the hands of the State Treasurer is not well founded. The demurrer to the evidence, interposed by the State Treasurer, should have been allowed.

Nothing was said in *Lacy v. Indemnity Co.*, 193 N. C., 179, 136 S. E., 359 (suit upon warehouseman's bond for failure to deliver cotton upon tender of receipts), which militates against our present position.

But the same reasoning does not apply to the demurrer of the corporate defendant. Even if the receipts were not issuable in the name of the plaintiff, because title to the cotton was encumbered at the time, it does not follow that plaintiff is without remedy as against the Warehouse Company. *LeRoy v. Jacobosky*, 136 N. C., 443, 48 S. E., 796; 21 R. C. L., 914. It is established by the verdict that the plaintiff lost his cotton through the failure of the defendant to store it and issue receipts therefor as agreed. We have discovered no error in the trial of the cause so far as the corporate defendant is concerned.

The result, then, is that the judgment will be affirmed as to the Peoples Bonded Warehouse Company and reversed as to the State Treasurer.

On appeal of State Treasurer, Reversed.

On appeal of Warehouse Company, No error.

SCHENCK, J., took no part in the consideration or decision of this case.