WADE HOWELL v. SOUTHERN RAILWAY COMPANY and W. T. CHAPMAN.

(Filed 26 February, 1936.)

Removal of Causes C b—

Where the complaint states a cause of action against the resident defendant, the nonresident defendant's motion to remove is correctly denied, although its petition for removal alleges facts sufficient, under some circumstances, to constitute a defense as to the resident defendant.

APPEAL by the corporate defendant from *Alley, J.,* at July Term, 1935, of SWAIN.

*T. D. Bryson, Jr., and Edwards & Leatherwood for plaintiff, appellee.*
*R. C. Kelly and Jones & Ward for Southern Railway Company, appellant.*

PER CURIAM. This action was instituted to recover $20,000 for personal injuries alleged to have been negligently inflicted. The defendant Southern Railway Company, a corporation chartered under the laws of the State of Virginia, filed motion for removal to the District Court of the United States for the Western District of North Carolina for the reason that, as it contends, the complaint fails to allege any cause of action against the defendant Chapman, a resident of North Carolina, and that the resident defendant was joined as a party defendant to defraud the United States Court of its jurisdiction. As stated in the brief of the appellant, Southern Railway Company, the sole question presented on this appeal is: "Does the complaint state a cause of action against the resident defendant, W. T. Chapman, engineer, thereby preventing removability of the case?"

The complaint alleges, in effect, that the plaintiff was employed by the corporate defendant, and that his duties "consisted of cleaning up the station yards at station houses of the said defendant Southern Railway Company," and that when he had cleaned up the station yard at Bryson

City he was ordered by his supervisor to board the "Murphy Local" to proceed to other stations for the purpose of cleaning them up, and that pursuant to orders he boarded said train at Bryson City, "and was seated in the place designated by his supervisor, W. C. Kilwell. That the train was being operated by the defendant W. T. Chapman. That the aforesaid train proceeded from the station at Bryson City in a westerly direction toward the city of Murphy and stopped at its 'Y' track about a mile distant from its station at Bryson City for the purpose of picking up additional freight cars. That the engine operated by the defendant W. T. Chapman was uncoupled from the car in which plaintiff was riding, leaving said car stationed upon the main track until it could be recoupled to the train as aforesaid. That the said W. T. Chapman, without notice or warning of his intention to recouple the train to the car in which plaintiff was riding, negligently, recklessly, and carelessly backed the engine and cars making up the train as aforesaid into the car in which plaintiff was seated at a great and excessive rate of speed, causing the plaintiff to be thrown from his seat in said car, striking his head against an iron hand rail, knocking and hurling plaintiff to the floor of said car and greatly injuring, bruising, and crushing the bones and flesh of plaintiff's head and face, and causing other great, severe, and permanent injuries to plaintiff, as will more fully hereinafter appear."

While the allegations contained in the affidavit to support the motion for removal to the effect that the resident defendant had no notice of the presence of the plaintiff in the car may, under some circumstances, constitute a defense to the alleged cause of action against the resident defendant, it does not appear from the face of the complaint that such defense exists.

We are of the opinion, and so hold, that the allegations of the complaint state a cause of action against the resident defendant Chapman, and that the judge of the Superior Court properly denied the motion of the nonresident defendant for removal to the United States Court.

For a full and comprehensive discussion of the subject of removal of cases from the state courts to the federal courts, see the recent opinion of *Clarkson, J.,* in *Bank & Trust Co. v. Ry. Co., ante,* 304.

Affirmed.