MRS. ROSA MANGUM v. SOUTHERN RAILWAY COMPANY AND NORTH
CAROLINA RAILROAD COMPANY (ORIGINAL PARTIES DEFENDANT), AND
L. R. POWELL, JR., AND HENRY W. ANDERSON, RECEIVERS OF THE
SEABOARD AIR LINE RAILWAY COMPANY (ADDITIONAL PARTIES
DEFENDANT).

(Filed 20 May, 1936.)

**1. Parties B d—**

Defendants in an action to recover for negligent injury are entitled,
under N. C. Code, 618, to have other defendants joined with them upon
filing a cross action against such other defendants, alleging that such
defendants were joint tort-feasors with them in causing the injury.

**2. Removal of Causes C b—Parties joined on cross action of original
defendants as joint tort-feasors held not entitled to removal.**

Plaintiff sued two railroad companies, alleging that her injuries were
caused by their joint negligence. The original defendants filed answer
denying the allegations of negligence and proximate cause, and filed a
cross action against another railroad company, alleging that if defendants
were negligent such other railroad company was guilty of negligence
which concurred in producing the injury and that it was a joint tort-feasor
with them in causing the injury, and that they were entitled to contribu-
tion from it. The other railroad company was joined as a party defendant
upon the cross action, and moved for removal of the cause against it to
the Federal Court on the ground of diverse citizenship, and that plaintiff's
action against it was separable. *Held:* The allegations of the cross action
are determinative of whether a separate or joint action was alleged, and,
the action against the original defendants not being removable, the
motion to remove was properly denied.

APPEAL by defendant receivers of Seaboard Air Line Railway Com-
pany, from *Phillips, J.,* at February Term, 1936, of RICHMOND. Af-
firmed.

This is an action for actionable negligence brought by plaintiff against
the Southern Railway Company and the North Carolina Railroad Com-
pany as joint tort-feasors, alleging damage. The defendants denied
negligence and as a further answer and cross action alleged in detail
that L. R. Powell, Jr., and Henry W. Anderson, receivers of the Sea-
board Air Line Railway Company, were negligent in the operation of its
train, and further allege: "That even if these defendants were guilty
of negligence in any of the particulars alleged in the complaint, which
is hereby expressly denied, and even if such alleged negligence was a
proximate cause of the plaintiff's injury, which is also denied, the above
described negligence of the receivers of the Seaboard Air Line Railway
Company was also a proximate cause of the plaintiff's injury, operating
jointly and concurrently to produce said injury, and if these defendants
are at all responsible to the plaintiff for her injury, which is hereby

expressly denied, the said receivers of the Seaboard Air Line Railway Company are jointly and concurrently liable with these defendants, both to the plaintiff and to these defendants, and these defendants have a right to have said liability of said receivers determined and enforced in this action, under and by virtue of the terms and provisions of section 618 of the Consolidated Statutes of North Carolina."

Defendants' prayer is as follows: "Wherefore, these defendants pray: (1) That the said L. R. Powell, Jr., and Henry W. Anderson, receivers of the Seaboard Air Line Railway Company, be made parties to this action; and that summons be issued and served upon them directing them to answer the cross action of these defendants above set forth. (2) That the rights and liabilities of these defendants and the said receivers of the Seaboard Air Line Railway Company, as between themselves, be determined and enforced. (3) That the plaintiff recover nothing of these defendants in this action; and that judgment herein be entered in favor of these defendants. (4) For such other and further relief to which these defendants may be entitled in the premises."

Judge McElroy, at the September Term, 1935, made the following order:

"Upon reading and considering said answer and cross action, it is hereby considered, ordered, and decreed as follows:

"1. That the said L. R. Powell, Jr., and Henry W. Anderson, receivers of the Seaboard Air Line Railway Company, be and they are hereby made parties defendant to this action.

"2. That the clerk of this court be and he is hereby authorized and directed to issue a summons herein against said parties defendant mentioned in the preceding paragraph herein.

"3. That the sheriff of Richmond County be and he hereby is authorized and directed to serve upon said parties defendant the summons mentioned in the preceding paragraph hereof, by delivering a copy thereof, together with a copy of the verified answer and cross action herein filed by the original defendants herein.

"4. That the said L. R. Powell, Jr., and Henry W. Anderson, receivers of the Seaboard Air Line Railway Company, be commanded, by the terms of the summons hereinbefore referred to, to appear and answer, within 30 days from the service of said summons, the answer and cross action heretofore filed herein by the Southern Railway Company and the North Carolina Railroad Company."

Summons dated 7 September, 1935, upon L. R. Powell, Jr., and Henry W. Anderson, showing service 10 September, 1935, appears in the record.

The receivers petitioned for removal to the United States District Court, and set forth their reasons, in part, as follows: "Your petitioners

further allege that they are entitled to remove this cause to the United States District Court for the Middle District of North Carolina, Rockingham Division, said division including the county of Richmond, in which said action is brought, and that your petitioners are not indispensable necessary parties to the maintenance of this action; and that whatever cause of action is set out in the answer of the said defendants Southern Railway Company and North Carolina Railroad Company, the same is separable from the issues raised between the plaintiff Rosa Mangum and the defendants L. R. Powell, Jr., and Henry W. Anderson, receivers of the Seaboard Air Line Railway Company, and the North Carolina Railroad Company, and that a separable controversy exists, and that on account of the diversity of citizenship between the plaintiff and your petitioners, this cause of action is removable to said United States District Court."

The clerk of the Superior Court refused to remove the action and on appeal the court below approved and confirmed the order of the clerk. The receivers excepted and assigned error, and appealed to the Supreme Court.

*Douglass & Douglass, Walter R. Jones, and R. L. McMillan for plaintiff.*

*F. W. Bynum and Varser, McIntyre & Henry for defendants.*

CLARKSON, J.   N. C. Code, 1935 (Michie), sec. 618, in part, is as follows: "In all cases in the courts of this State wherein judgment has been or may hereafter be rendered against two or more persons or corporations, who are jointly and severally liable for its payment either as joint obligors or joint tort-feasors, and the same has not been paid by all the judgment debtors by each paying his proportionate part thereof, one of the judgment debtors shall pay the judgment creditor, either before or after execution has been issued, the amount due on said judgment, and shall, at the time of paying the same, demand that said judgment be transferred to a trustee for his benefit, it shall be the duty of the judgment creditor or his attorney to transfer without recourse such judgment to a trustee for the benefit of the judgment debtor paying the same; and a transfer of such judgment as herein contemplated shall have the effect of preserving the lien of the judgment and of keeping the same in full force as against any judgment debtor who does not pay his proportionate part thereof to the extent of his liability thereunder in law and in equity, *and in the event the judgment was obtained in the action arising out of a joint tort, and only one, or not all of the joint tort-feasors, were made parties defendant, those tort-feasors made parties defendant, and against whom judgment was obtained, may, in an action* ·

*therefor, enforce contribution from the other joint tort-feasors; or at any time before judgment is obtained, the joint tort-feasors made parties defendant may, upon motion, have the other joint tort-feasors made parties defendant."* (Italics ours.)   See *Gaffney v. Casualty Co.,* 209 N. C., 515.

In accordance with this section, the defendants Southern Railway Company and North Carolina Railroad Company (original parties) prayed that the receivers of Seaboard Air Line Railway Company, residents of Virginia, be made parties defendant, and allege that they are not guilty of negligence; but further allege, in substance, that if they are guilty of negligence they are liable only as joint tort-feasors with the receivers. We think that this procedure is permissible under the section, *supra.* The plaintiff, from her allegations in the complaint against the original defendants, cannot be affected by this procedure of the original defendants under the statute bringing in the receivers as joint tort-feasors. The original defendants were not entitled to removal.

The question as to the nature of the controversy, and whether there is separable controversy, is determined by the complaint. The plaintiff is entitled to have her cause of action considered as stated in the complaint.

In *Powers v. Chesapeake & Ohio Railway,* 169 U. S., 92 (97), speaking to the subject, it is said: "A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to final decision in his own way. The cause of action is the subject matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings." *Trust Co. v. R. R.,* 209 N. C., 304; *Howell v. R. R.,* 209 N. C., 589.

The judgment of the court below is
Affirmed.