ROBERT FREEMAN v. C. W. THOMPSON.

(Filed 8 November, 1939.)

**1. Pleadings § 6—Defendant may set up as many defenses as he has.**

A defendant may plead as many defenses as he has, and it is not required that the defenses be consistent with each other, and therefore a defendant in a negligent injury action may enter a general denial of the allegations of negligence, and also allege that the negligence of a third person was the sole proximate cause of the accident, and that if defendant was negligent such negligence concurred with the negligence of the third person, and move to have such third person joined as a defendant.

**2. Torts § 6: Parties § 10—Defendant in negligent injury action is entitled to joinder of third person upon allegations that such person was joint tort-feasor.**

When a defendant in a negligent injury action denies negligence and alleges that the negligence of a third person is the sole proximate cause of the injury, and that if defendant was negligent his negligence concurred with the negligence of such third person, the defendant is entitled to have such third person joined as a defendant upon the allegation of joint negligence upon motion duly made, C. S., 618, as amended, the purpose of the statute being that the entire controversy between joint tort-feasors should be settled in one action.

**3. Appeal and Error § 2—**

A defendant in a negligent injury action may appeal from the denial of his motion to have a third person joined as a defendant upon allegation that such third person was a joint tort-feasor, since the denial of the motion directly affects a substantial right. C. S., 632.

APPEAL by defendant from *Bobbitt, J.,* at March Term, 1939, of IREDELL. Reversed.

This is an action for actionable negligence. The plaintiff seeks to recover damages against the defendant in this action alleging negligence on the part of the defendant in the operation of his automobile, and the defendant denies negligence, and sets forth facts which, he alleges, constitute negligence on the part of John Campbell, driver of the car in which the plaintiff was riding. In his prayer for relief, the defendant asks that John Campbell be made a party defendant in the action under the provisions of section 618 of the North Carolina Code, 1935 (Michie). Upon hearing, the clerk of the Superior Court of Iredell County entered an order in the cause on 28 February, 1939, making John Campbell a party defendant to the action. From this order the plaintiff appealed to the Superior Court. A hearing upon the appeal was heard before his Honor, Judge Bobbitt, at the March Term of the Iredell Superior Court. At the conclusion of the arguments of counsel, an order was

signed by Judge Bobbitt reversing the order signed by the clerk of the Superior Court. To the signing of the order the defendant excepted, assigned error and appealed to the Supreme Court of North Carolina.

The other necessary facts will be set forth in the opinion.

*Scott & Collier* for plaintiff.
*Adams, Dearman & Winberry* for defendant.

CLARKSON, J. N. C. Code, 1935 (Michie), sec. 618, in part, is as follows: "In all cases in the courts of this State wherein judgment has been, or may hereafter be, rendered against two or more persons or corporations, who are jointly and severally liable for its payment either as joint obligors or joint tort-feasors, and the same has not been paid by all the judgment debtors by each paying his proportionate part thereof; if one of the judgment debtors shall pay the judgment creditor, either before or after execution has been issued, the amount due on said judgment, and shall, at the time of paying the same, demand that said judgment be transferred to a trustee for his benefit, it shall be the duty of the judgment creditor or his attorney to transfer without recourse such judgment to a trustee for the benefit of the judgment debtor paying the same; and a transfer of such judgment as herein contemplated shall have the effect of preserving the lien of the judgment and of keeping the same in full force as against any judgment debtor who does not pay his proportionate part thereof to the extent of his liability thereunder in law and in equity, and in the event the judgment was obtained in an action arising out of a joint tort, and only one, or not all of the joint tort-feasors, were made parties defendant, those tort-feasors made parties defendant, and against whom judgment was obtained, may, in an action therefor, enforce contribution from the other joint tort-feasors; or at any time before judgment is obtained, the joint tort-feasors made parties defendant may, upon motion, have the other joint tort-feasors made parties defendant," etc.

In *Bargeon v. Transportation Co.,* 196 N. C., 776 (777), it is said: "Can one defendant, sued alone for personal injury, file an answer denying negligence and liability, and then proceed to allege that the injury was due to the specific acts of negligence of a third party, and thereupon, without asking relief against such party, have such party brought into the suit? It is well settled under our system of procedure that in order to hold a party in court a cause of action must be alleged against him. If a defendant against whom a cause of action exists alleges a cause of action against a codefendant, growing out of the same matter, then all the parties are in court and the causes must be tried upon their merits. *Bowman v. Greensboro,* 190 N. C., 611, 130 S. E.,

502; *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761. . . . The amendment of C. S., 618, enacted 27 February, 1929, permitting contribution between joint tort-feasors, does not of course apply to the case at bar, for the reason that the amendment creating such a cause of action was passed after this suit was commenced." The present action was instituted after the enactment of section 618, *supra.*

Upon the pleadings in this cause defendant is entitled to the following defenses: (1) General denial of negligence. (2) Sole negligence on the part of John Campbell. (3) Joint and concurring negligence.

Section 522 provides: "Several defenses—The defendant may set forth by answer as many defenses and counterclaims as he has, whether they are of a legal or equitable nature, or both. They must be separately stated and numbered, and refer to the cause of action which they are intended to answer in such manner that they may be intelligibly distinguished."

In discussing the question of defenses, and after quoting the above statute, McIntosh, N. C. Prac. & Proc. in Civil Cases, at p. 490, says: "It is not required that the pleas be consistent with each other, but the defendant may plead as many defenses as he may have, whether consistent or inconsistent with each other."

The defendant in his answer says, in part: "That without repeating, the defendant denies that the plaintiff was injured because of the negligence of this defendant, as alleged in the complaint, as he has heretofore specifically set forth, and reaffirms and realleges that if the plaintiff received any injuries by reason of the collision, such injuries were caused by his own negligence or by the negligence of John Campbell, or by their joint negligence; but, in truth and in fact, if this defendant was negligent in any manner as alleged in the plaintiff's complaint, he is informed and believes and so alleges that such negligence on his part concurred with the negligence of John Campbell, and such negligence on the part of both of them was the proximate cause of the plaintiff's injuries, and such joint and concurring negligence continued until the actual time of the collision and the resultant injuries, if any, to the plaintiff."

The defendant, among other things, prays: "That the verified answer filed in this cause be treated as an affidavit and motion to have John Campbell made a party defendant in this action. That an order be issued from this court making John Campbell a party defendant to this action under the provisions of section 618 of the North Carolina Code, 1935 (Michie). That if it is determined that the plaintiff was injured by the joint and concurring negligence of the defendant and John Campbell, as alleged in this answer, the defendant have and secure judgment against John Campbell in such a manner and in such amount as is provided in section 618 of the North Carolina Code, *supra.*"

In *Mangum v. R. R.,* 210 N. C., 134 (137), speaking to the subject, it · is said: "In accordance with this section (618), the defendants Southern Railway Company and North Carolina Railroad Company (original parties), prayed that the receivers of Seaboard Air Line Railway Company, residents of Virginia, be made parties defendant, and allege that they are not guilty of negligence; but further allege, in substance, that if they are guilty of negligence they are liable only as joint tort-feasors with the receivers. We think that this procedure is permissible under the section, *supra.* The plaintiff, from her allegations in the complaint against the original defendants, cannot be affected by this procedure of the original defendants under the statute bringing in the receivers as joint tort-feasors." *Hamilton v. R. R.,* 203 N. C., 468 (471).

The purpose of section 618, *supra,* is to settle the conflicting joint tort claims in one action. The plaintiff could have made Campbell a party defendant, as a joint tort-feasor. The defendant under the statute has prayed that he be made a party defendant to the end that the entire controversy can be settled in one action under section 618, *supra.* We think the language and intention of the statute was to settle a controversy of this kind in one action. .

N. C. Code, *supra,* section 632, is as follows: "Any party aggrieved may appeal in the cases prescribed in this chapter." McIntosh, N. C. Prac. & Proc. in Civil Cases, pp. 767-8. "And a 'party aggrieved' is one whose right has been directly and injuriously affected by the action of the court."

Unnecessary parties and jungle pleadings in an action should not be allowed, but the statute opens the door so that all joint tort-feasors can be brought in for a complete determination of the controversy.

For the reasons given, the judgment of the court below is

Reversed.