WILLIAM R. EVANS v. D. TALMAGE JOHNSON, TRADING AS JOHNSON MOTOR COMPANY, AND BANNER SHOE AND H. JEROME JOHNSON.

(Filed 23 May, 1945.)

**1. Torts § 6—**

The right of a defendant sued in tort to bring into the action another joint tort-feasor and, upon sufficient plea, to maintain his cross action against him, for the purpose of determining his contingent liability for contribution, is given by statute. G. S., 1-240.

**2. Torts §§ 5, 6—**

The purpose of the statute, G. S., 1-240, is to permit defendants in tort actions to litigate mutual contingent liabilities before they accrue, so that all matters in controversy, growing out of the same subject of action, may be settled in one action; though the plaintiff may be thus delayed in securing his remedy.

**3. Torts § 4—**

Joint tort-feasors are those who act together in committing a wrong, or whose acts, if independent of each other, unite in causing a single injury.

**4. Torts § 6: Principal and Agent § 10b: Negligence § 11—**

In an action to recover damages resulting from an automobile collision, plaintiff alleging that he was at the time of the collision a passenger in his own car which was being operated by a driver, where the defendants allege a cross action against the driver of plaintiff's car as a joint tort-feasor, alleging that the said driver was the agent of plaintiff and acting within the scope of his authority and apparently under plaintiff's control, and the said driver was made a party defendant and thereupon demurred to the cross action on the ground that it failed to state a cause of action, proof of negligence by the said driver, contributing to the injury, would constitute a complete bar to plaintiff's claim and would afford no ground for contribution, hence judgment overruling the demurrer reversed.

APPEAL by defendant H. Jerome Johnson from *Clement, J.,* at February Term, 1945, of GUILFORD. Reversed.

Defendant H. Jerome Johnson demurred to the cross complaint of his codefendants wherein they sought to establish his liability for contribution as a joint tort-feasor.

The plaintiff Evans had alleged a cause of action against defendants D. Talmage Johnson and Banner Shoe for damages for injuries resulting from the negligence of these defendants in the operation of an automobile which collided with plaintiff's automobile. Plaintiff alleged he was at the time a passenger in his automobile which he owned and which was being driven by H. Jerome Johnson.

In their answer to the complaint defendants D. Talmage Johnson and Banner Shoe denied the allegations of negligence on their part, and

alleged that plaintiff's automobile was at the time being driven by H. Jerome Johnson at a high, careless and illegal rate of speed; that H. Jerome Johnson was acting as agent for the plaintiff and at the time was acting in the course and scope of his agency; that the negligent acts of H. Jerome Johnson are imputed to the plaintiff and constitute the sole proximate cause of plaintiff's injury; and that if the answering defendants were negligent as alleged in the complaint, the negligent conduct of H. Jerome Johnson, plaintiff's agent, constituted a proximate contributing cause of plaintiff's injury which was pleaded in bar.

The answering defendants further averred that if they were in any respect negligent as alleged in the complaint, proximately causing plaintiff's injury, the negligence of H. Jerome Johnson was also a proximate cause of plaintiff's injury, and that he was and is jointly and concurrently liable with them to the plaintiff, and they ask that his liability be determined in this action.

On the answering defendants' motion, H. Jerome Johnson was made party defendant, and demurred to the cross complaint on the ground that sufficient facts were not therein set out to enable his codefendants to maintain action against him for the establishment of contingent liability for contribution as a joint tort-feasor.

The demurrer of defendant H. Jerome Johnson was overruled, and he appealed.

*Armistead W. Sapp for appellees.*
*Benj. T. Ward for appellant.*

DEVIN, J.  The question presented by this appeal relates only to the defendants' pleadings.  The sufficiency of the answer of defendants D. Talmage Johnson and Banner Shoe to constitute a valid cross action against H. Jerome Johnson to determine his contingent liability for contribution as a joint tort-feasor is challenged by demurrer.

The right of a defendant sued in tort to bring into the action another joint tort-feasor and upon sufficient plea to maintain his cross action against him for the purpose of determining his contingent liability for contribution is given by statute, G. S., 1-240, and upheld by numerous decisions of this Court.  *Wilson v. Massagee,* 224 N. C., 705; *Godfrey v. Power Co.,* 223 N. C., 647.  The purpose of the statute is to permit defendants in tort actions to litigate mutual contingent liabilities before they have accrued, *Lackey v. R. R.,* 219 N. C., 195, 13 S. E. (2d), 234, so that all matters in controversy growing out of the same subject of action may be settled in one action, *Freeman v. Thompson,* 216 N. C., 484, 5 S. E. (2d), 434, though the plaintiff in the action may be thus delayed in securing his remedy.  *Montgomery v. Blades,* 217 N. C., 654,

9 S. E. (2d), 397. Joint tort-feasors are those who act together in committing a wrong, or whose acts, if independent of each other, unite in causing a single injury. *Bost v. Metcalf,* 219 N. C., 607, 14 S. E. (2d), 648. The right thus conferred by the statute is "rooted in and springs from the plaintiff's suit, but projects itself beyond that suit." *Godfrey v. Power Co., supra.*

The appellant contends, however, that, conceding the right of a defendant sued in tort to file a cross-complaint against one alleged to be a joint tort-feasor and to determine his contingent liability for contribution in the same action, the allegations of fact contained in the answer of his codefendants are not sufficient to entitle them to maintain a cross action against the appellant for that purpose, in this case.

From an inspection of pleadings as set out in the record, it appears that at the time of the collision the plaintiff was a passenger in his own automobile and was being driven by his agent who was acting within the scope of his agency, and presumably under plaintiff's control. *Baird v. Baird,* 223 N. C., 730. Under these circumstances any negligence on the part of the driver was in law the negligence of the plaintiff. *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761.

Hence proof of negligence on the part of the driver proximately causing or contributing to the injury would constitute a complete bar to plaintiff's action, would relieve the answering defendants of all liability, and afford no ground upon which to base an action for contribution. Nor is there any allegation of fact in the answer, or complaint, from which it could be inferred that H. Jerome Johnson, the driver, was at the time acting independently, or otherwise than solely in the relationship of agent of the plaintiff, his principal. We perceive no phase of the transaction under the allegations as now set out in the answer which would justify imputing contingent liability for contribution to the defendant H. Jerome Johnson. We think the appellant was entitled to have his demurrer sustained. The judgment overruling the demurrer is

Reversed.