J. H. HARRIS v. A. B. FAIRLEY, State Warehouse Superintendent, FARM-
VILLE BONDED WAREHOUSE COMPANY, HENRY CLARK BRID-
GERS, HARTFORD ACCIDENT AND INDEMNITY COMPANY,
NATIONAL SURETY CORPORATION, THE INDEMNITY INSURANCE
COMPANY OF NORTH AMERICA, NORTH CAROLINA COTTON
GROWERS COOPERATIVE ASSOCIATION, W. T. LAMM, Trading as
W. T. LAMM AND COMPANY, and WILLIAM J. WILLIAMS, Adminis-
trator of GEORGE W. WILLIAMS.

(Filed 1 November, 1950.)

1. **Warehousemen § 3c—**

   Official warehouse receipts are negotiable by written assignment and
   delivery, and negotiation of a receipt is not impaired by the fact that such
   negotiation was a breach of duty on the part of the person making the
   negotiation if the person to whom the receipt was negotiated took same for
   value, in good faith, and without notice of the breach of duty.  G.S. 27-51,
   G.S. 106-442.

2. **Warehousemen § 3b—**

   A warehouse and its manager, sued for conversion of cotton, may not
   maintain a cross-action against the transferees of the warehouse receipts
   when it is alleged they obtained the receipts from the owner and had the
   cotton delivered to persons designated by them upon surrender of the
   duly endorsed receipts, nor may the allegations of conversion contained in
   the complaint aid the allegations in such cross-action when the answer
   denies the conversion.

3. **Same—**

   The fact that the owner fails to take up his warehouse receipts when
   he delivers his cotton to the warehouse is not alone sufficient to relieve
   the warehouseman of liability if the removal of the cotton from the ware-
   house is contrived by the fraud of the manager.

APPEAL by defendants, Farmville Bonded Warehouse Company, Henry
Clark Bridgers and National Surety Company, from *Bone, J.,* May
Term, 1950, of PITT.  Affirmed.

This was an action to recover of the State Warehouse Superintendent
in his official capacity for the loss of 127 bales of lint cotton stored in
the Farmville Bonded Warehouse under the provisions of Chapter 106
of the General Statutes of North Carolina.

The plaintiff alleged that defendant Fairley as the duly appointed
State Warehouse Superintendent had leased the Farmville Bonded Ware-
house Company's warehouse for use by him as agent of the State for the
warehousing of cotton, and that the defendant appointed Henry Clark
Bridgers to manage and operate the warehouse for the State of North
Carolina, and that G. S. Williams was appointed as local manager in
charge of the warehouse; that plaintiff stored 127 bales of cotton in the

Farmville Bonded Warehouse, and G. S. Williams issued official ware-house receipts therefor in the name of plaintiff and some in name of the North Carolina Cotton Growers Cooperative Association for the plaintiff; that thereafter plaintiff made repeated efforts to obtain his. cotton or to have same sold for his benefit; that Williams repeatedly promised to deliver and assured plaintiff the cotton was in the warehouse, which was not true, and plaintiff has received nothing; that plaintiff has learned that Williams fraudulently contriving approached farmers in that section and induced them to permit him to sell cotton under their contract num-bers through the Association and to turn the money over to him, and plaintiff's information is that plaintiff's cotton was in this manner removed from the warehouse and sold. Plaintiff asks that he recover of defendant State Warehouse Superintendent the value of his cotton, $19,376.86, to be paid out of the indemnifying fund created by G.S. 106-435.

The defendant Fairley, State Warehouse Superintendent, answered denying liability for plaintiff's loss and alleging that under G.S. 106-439 he supervised the operations of the warehouse of the Farmville Bonded Warehouse but denied that he operated the warehouse or that either Bridgers or Williams was his agent; that plaintiff not having demanded or received official warehouse receipts when he delivered the cotton, no liability was incurred as against the indemnity fund created by G.S. 106-435; that the warehouse receipts which had been issued for the cotton stored by plaintiff were endorsed to the Cotton Growers Cooperative Association and were thereafter surrendered to the Farmville Bonded Warehouse by said Association and cancelled, and the cotton delivered to those designated by the Association.

On motion of defendant Fairley, the Farmville Bonded Warehouse Company, Henry Clark Bridgers and the sureties on his bond were made parties defendant. And subsequently, on motion of defendant Bonded Warehouse Company, the North Carolina Cotton Growers Cooperative Association, W. T. Lamm, and the administrator of G. S. Williams were also made parties.

The defendant Bonded Warehouse Company, Henry Clark Bridgers and the National Surety Company filed answer admitting the employ-ment of G. S. Williams as local manager, and that plaintiff stored 127 bales of cotton in defendant's warehouse, and that warehouse receipts were duly issued for each bale either in name of J. H. Harris or in the name of the Cotton Association as directed by plaintiff; that the ware-house receipts were by the plaintiff delivered to the Association, and that 127 bales of cotton were delivered by the defendant Bonded Warehouse Company to those designated by the Association upon surrender and cancellation of receipts duly and properly endorsed, therefor; that under

the statute these warehouse receipts were made negotiable, and the warehouse was required to deliver the cotton upon surrender and cancellation of the receipts; that G. S. Williams was local agent of the Warehouse Company, and also receiving agent at Farmville for the Cotton Association; that warehouse receipts for 7 bales of the cotton stored by plaintiff were turned over by the Association to W. T. Lamm, who in turn surrendered them to the defendant Warehouse Company, and had the cotton delivered to those designated by him.

These defendants allege that if they be held liable to the plaintiff then the Cotton Association and W. T. Lamm, who surrendered the receipts to the Warehouse Company and to or for whom the cotton was actually delivered, should be held liable over to these defendants; and that if G. S. Williams wrongfully converted plaintiff's cotton, which these defendants deny, he was acting not as their agent but individually, and they ask that his administrator be made party.

The Cotton Association and W. T. Lamm demurred to the complaint and to the answer and cross-complaint of the Warehouse Company and Henry Clark Bridgers. Both demurrers were sustained. The plaintiff Harris excepted but withdrew his appeal. The defendant Warehouse Company and Henry Clark Bridgers excepted to the judgment sustaining the demurrers and appealed.

*Philips & Philips, S. B. Underwood, Jr., and Henry C. Bourne for Farmville Bonded Warehouse Company, Henry Clark Bridgers, and National Surety Corporation, appellants.*

*Lucas & Rand and Z. Hardy Rose for W. T. Lamm, appellee.*

*Burgess, Baker & Duncan for defendant North Carolina Cotton Growers Cooperative Association, appellee.*

DEVIN, J.  The Farmville Bonded Warehouse Company, Henry Clark Bridgers, and the surety on the latter's bond, who had been made parties defendant on the motion of the original defendant Fairley, appealed from the judgment sustaining the demurrers of the North Carolina Cotton Growers Cooperative Association and W. T. Lamm to their answer and cross-complaint. The propriety of the ruling below in this respect is the only question presented by the appeal.

An examination of the answer and cross-complaint of the appellants leads us to the conclusion that the allegations therein contained are insufficient to support an action for affirmative relief against the Cotton Growers Cooperative Association or W. T. Lamm.

The answer filed by these appealing defendants denied liability to the plaintiff for the cotton stored by him in defendant's warehouse, but asserted, in the event they be held liable, that the Cotton Association

and W. T. Lamm should be held liable over to appellants on the ground that the Association and Lamm surrendered the warehouse receipts representing the 127 bales of cotton referred to in the complaint, and received the cotton represented thereby. But it was also alleged that these receipts had been delivered by plaintiff Harris to the Cotton Association and when surrendered to appellants had been duly and properly endorsed.

The statute makes these warehouse receipts negotiable by written assignment and delivery, and declares that the validity of the negotiation of a receipt is not impaired by the fact that such negotiation was a breach of duty on the part of the person making the negotiation, if the person to whom the receipt was negotiated took the same for value, in good faith and without notice of the breach of duty. G.S. 27-51; G.S. 106-442; *Cotton Mills v. Cotton Co., ante,* 186, 59 S.E. 2d 570. Here, there is no allegation that impugns the good faith or title of the Cotton Association or of Lamm to the warehouse receipts covering plaintiff's cotton. On the contrary, it affirmatively appears from appellants' pleading that the Cotton Association received the warehouse receipts from the plaintiff himself, and that subsequently the receipts duly endorsed were surrendered to the Warehouse Company and the cotton delivered thereon. Thus the allegation by which appellants seek to avoid liability to the plaintiff would seem also to exonerate the Cotton Association and Lamm from liability under their cross-complaint.

It was argued on the hearing that plaintiff's complaint alleged the cotton was removed from the warehouse as the result of nefarious transactions by G. S. Williams, the local manager, who wrongfully obtained the proceeds of the sale of the cotton through the Association, and that this, taken in connection with the allegations in appellants' answer that Williams was also receiving agent of the Cotton Association, was sufficient to survive the demurrer. Whether by invoking the doctrine of aider and the principle that a demurrer requires search of the entire record the appellants may add those allegations in the complaint to their pleading against the Cotton Association need not be determined, for we observe that the appellants have denied the conversion of this cotton or wrongdoing on the part of Williams. Plaintiff sought recovery for the loss of his cotton only from defendant Fairley as State Warehouse Superintendent, and did not ask recovery against any of the defendants subsequently made parties.

There is no allegation against W. T. Lamm in the complaint, and the only reference to him in appellants' pleading is that he surrendered warehouse receipts for 7 bales of plaintiff's cotton, the receipts being properly endorsed, and received the cotton represented by the receipts. There was no allegation that the receipts were acquired by Lamm in any manner

that would affect his title as holder of properly endorsed negotiable warehouse receipts.

The demurrer to the complaint, interposed *ore tenus* in this Court by the appellants, cannot be sustained. The failure of plaintiff to take up his warehouse receipts when he delivered his cotton to the warehouse, if the allegations in the complaint bear that interpretation, would not alone be sufficient to relieve the warehouseman of liability for the removal of the cotton from the warehouse contrived by the fraud of the manager as alleged in the complaint. *Lacy v. Indemnity Co.*, 193 N.C. 179, 136 S.E. 359; *Northcutt v. Warehouse Co.*, 206 N.C. 842, 175 S.E. 165.

For the reasons stated we think the judgment sustaining the demurrers was properly entered, and must be

　Affirmed.