T. L. READ, ANCILLARY ADMINISTRATOR OF THE ESTATE OF HELEN LEWIS READ, v. YOUNG ROOFING COMPANY AND ELIJAH JUNIOR LANGLEY (ORIGINAL DEFENDANTS), AND ROSA PALMER (ADDITIONAL DEFENDANT).

(Filed 10 October, 1951.)

**1. Pleadings § 10: Torts § 4: Automobiles § 21—**

An answer alleging that the driver of the car in which intestate was riding was guilty of negligence constituting the sole proximate cause of the collision with defendant's truck, and that intestate and the driver of the car were engaged in a joint enterprise so that the driver's negligence barred recovery against defendant for intestate's death, but further alleging that if the facts so set up as a defense be found against defendant,

then the negligence of the driver of the car concurred with that of defendant, and demanding contribution against the driver of the car, *held* good as against demurrer interposed by the driver of the car. G.S. 1-240.

**2. Pleadings § 19c—**

A pleading will be liberally construed upon demurrer, and the pleading will be upheld if in any portion or to any extent it presents facts sufficient to constitute a cause of action.

**3. Torts § 4—**

The purpose of the statute permitting the joinder of a third party as a joint tort-feasor against whom the defendant seeks contribution, is to enable the litigants to determine in one action all matters in controversy growing out of the same subject of action.

APPEAL by Rosa Palmer, additional defendant, from *Carr, J.,* January Term, 1951, of WARREN. Affirmed.

The demurrer of Rosa Palmer, additional defendant, to the cross-action of defendant Roofing Company, was overruled and she appeals.

The action grew out of a collision on the highway between an automobile in which plaintiff's intestate Helen Lewis Read was riding, and the motor truck of defendant Roofing Company being driven at the time by its employee Langley. As result of the collision Helen Lewis Read received injuries resulting in her death, and her administrator instituted this action against the defendants to recover damages for her wrongful death (G.S. 28-173), alleging negligent operation of the truck of defendant Roofing Company by its employee Langley. Langley did not answer.

Defendant Roofing Company, answering, denied negligence on the part of its driver, and further alleged that Rosa Palmer, who was driving the automobile in which the intestate was riding, was negligent in the operation of the automobile (setting out the acts of negligence on her part complained of), and that her negligence was the sole proximate cause of the collision and consequent injury; that Rosa Palmer and the intestate were at the time engaged in a joint enterprise, and that plaintiff's action was barred by Rosa Palmer's negligence. Further, by way of cross-action against Rosa Palmer defendant alleged if it be found that defendant was negligent as alleged in the complaint, and that plaintiff's intestate and Rosa Palmer were not joint adventurers, "then the negligence of Rosa Palmer as set forth in paragraph 1(a) of this cross-action concurred with the negligence of this defendant and proximately caused the damage to plaintiff's intestate, and this defendant is entitled to judgment over and against the said Rosa Palmer as a joint tort-feasor."

Rosa Palmer having been made party defendant, demurred to the defendant's cross-action on the ground that the allegations upon which this relief was sought were insufficient to constitute a cause of action for contribution.

The demurrer was overruled and Rosa Palmer excepted and appealed.

*Perry & Kittrell for Young Roofing Company, Appellee.*
*Gholson & Gholson for Rosa Palmer, Appellant.*

DEVIN, C. J. We think the portions of the pleading quoted above, considered in connection with other allegations of fact set out in defendant's answer and cross-action, are sufficient to state a cause of action for contribution against the appellant as joint tort-feasor, as permitted by the statute G.S. 1-240, and that the demurrer was properly overruled.

The appellant's position is that in defendant's cross-action to which the demurrer was addressed it was alleged that Rosa Palmer's negligence was the sole proximate cause of the injury, and that she and plaintiff's intestate were joint adventurers, and therefore the plaintiff was barred by her negligence. But it will be noted that in the pleading challenged by the demurrer it was also alleged that if the facts so set up as a defense be found against the defendant, then the negligence of Rosa Palmer concurred with that of the defendant in causing the injury, and that she was liable to defendant for contribution as joint tort-feasor. *Freeman v. Thompson,* 216 N.C. 484, 5 S.E. 2d 434.

The rule in this jurisdiction is that as against a demurrer a pleading will be liberally construed in favor of the pleader, and that if in any portion or to any extent the pleading presents facts sufficient to constitute a cause of action it will be upheld. *Blackmore v. Winders,* 144 N.C. 212, 56 S.E. 874; *Wiscassett Mills Co. v. Shaw, Comr.,* 233 N.C. 71, 62 S.E. 2d 487; *Bryant v. Ice Co.,* 233 N.C. 266, 63 S.E. 2d 547. And a demurrer requires search of the entire record. *Harris v. Fairley,* 232 N.C. 551, 61 S.E. 2d 616.

The purpose of the statute permitting the joinder of a third party against whom the defendant seeks contribution as joint tort-feasor (G.S. 1-240), was to enable litigants in tort actions to determine in one action all matters in controversy growing out of the same subject of action. *Freeman v. Thompson,* 216 N.C. 484, 5 S.E. 2d 434; *Evans v. Johnson,* 225 N.C. 238, 34 S.E. 2d 73.

In *Evans v. Johnson, supra,* the demurrer to defendant's cross-action for contribution was sustained, but the ruling there was predicated on allegations in a material respect differing from those in the case at bar. For the same reason demurrer was sustained in *Walker v. Loyall,* 210 N.C. 466, 187 S.E. 565, where the allegation was not one of joint tort-feasorship.

The judgment overruling the demurrer in this case is
Affirmed.