MRS. LYDIA S. WISE, PLAINTIFF v. ARTHUR HOYLE VINCENT, ORIGINAL
   DEFENDANT AND QUEEN CITY COACH COMPANY, CARL JERRY BALL
   AND WARREN CHARLES JONES, ADDITIONAL DEFENDANTS.

AND

MRS. LYDIA L. STRONACH, PLAINTIFF v. ARTHUR HOYLE VINCENT,
   ORIGINAL DEFENDANT AND QUEEN CITY COACH COMPANY, CARL
   JERRY BALL AND WARREN CHARLES JONES, ADDITIONAL DEFENDANTS.

(Filed 24 November, 1965.)

**1. Torts § 4—**

The original defendant is entitled to have an additional defendant joined
for contribution under G.S. 1-240 upon allegation of facts supporting the
conclusions that the additional defendant was guilty of negligence which
concurred in proximately causing plaintiff's injuries, notwithstanding the
original defendant also alleges in the alternative that the additional de-
fendant was guilty of negligence constituting the sole proximate cause of
the injury and also that, if the original defendant were negligent, the
negligence of the additional defendant intervened and insulated such
negligence.

**2. Automobiles § 42f—**

The fact that a vehicle collides with the rear of a preceding vehicle
furnishes some evidence of negligence in following too closely or in failing
to keep a proper lookout.

**3. Negligence § 8—**

There may be two or more proximate causes of an injury, and if negli-
gence from separate and distinct sources or agencies, even though operating
independently of each other, join and concur in producing the result com-
plained of, the author of each is liable.

**4. Negligence § 7—**

If any degree, however small, of causal negligence is attributable to a
person, he incurs liability therefor.

**5. Negligence § 8—**

If the negligence of one party continues up to the moment of impact,
such negligence cannot be insulated by the negligence of another.

**6. Automobiles § 43—    Allegations and evidence held to raise issue of
concurring negligence for the determination of the jury.**

The verdict of the jury established that the original defendant was guilty
of negligence proximately causing plaintiffs' injuries, resulting when the
original defendant's car struck the rear of the standing car in which they
were passengers. The allegations and evidence of the original defendant
were to the effect that the original defendant was slowing down in an at-
tempt to stop before hitting the standing vehicle when the additional de-
fendant's vehicle struck the rear of his vehicle, causing it to collide with
even greater force with the standing vehicle. *Held:* Demurrer to the
original defendant's cross-action for contribution was properly denied.

APPEAL by additional defendant, Warren Charles Jones, from *Pless, J.,* October 1964 Civil Session of AVERY.

The actions grew out of a multi-vehicle collision which occurred about 6:00 P.M. on 11 June 1962 on U. S. Highway 70 about two miles west of Swannanoa at or near the intersection of said highway and the Buckeye Cove Road. At this location the highway is thirty feet wide and has three traffic lanes. At the time of the collision the weather was clear and the highway was dry. Plaintiff Wise was the owner and operator of a Chevrolet automobile which was headed east and had been stopped and was standing in the south lane of Highway 70 behind a passenger bus. Plaintiff Stronach was a passenger in the Chevrolet. While standing behind the stopped bus, the Chevrolet was struck in the rear by an automobile owned and operated by defendant Vincent. Plaintiffs were injured and each filed suit against Vincent. The actions were later consolidated for trial. The pleadings in the two actions are, so far as this appeal is concerned, so nearly identical that we treat them herein as though a single action is involved.

Plaintiffs allege that the collision and the injuries suffered by them were caused by the negligence of defendant Vincent, and that he was negligent in failing to keep a reasonable lookout, failing to keep his vehicle under proper control, and operating his car at a speed greater than was reasonable and prudent under the circumstances.

Defendant Vincent, answering, denies that he was negligent and says: (a) He was going east and as he approached the place where the accident occurred he saw the bus and the Chevrolet stopped behind it, he applied brakes and was in the act of stopping and would have done so except that Arthur Warren Jones, driving his Ford automobile, struck the rear of his (Vincent's) car, causing it to go forward and collide with the Chevrolet. (b) The injuries to plaintiffs were proximately caused by the negligence of Jones, and Jones was negligent in that he was not keeping a reasonable lookout, was operating his Ford at an unlawful speed, failed to keep his car under proper control, and was following too closely. (c) If Vincent was negligent, which he denies, his negligence was insulated by the intervening negligence of Jones. (d) If Vincent was negligent, which he denies, the negligence of Jones joined and concurred with his negligence in producing the injuries to plaintiffs, and Vincent is entitled to contribution from Jones, G.S. 1-240.

On motion of Vincent, Jones was made an additional defendant in order that Vincent might prosecute his cross-action against him for contribution. (Queen City Coach Company, owner of the bus in question, and Carl Jerry Ball, driver of the bus, were also made

additional defendants, but Vincent took voluntary nonsuits as to them before trial.)

Additional defendant Jones, answering, denies that he was negligent and avers that the negligence of Vincent was the sole proximate cause of the collision and the resulting injuries to plaintiffs.

When the cases came on for trial Jones demurred *ore tenus* to original defendant Vincent's cross-action on the ground that Vincent "has failed to state a cause of action for affirmative relief or otherwise." The demurrer was overruled and Jones excepted.

The jury found that plaintiffs were injured by the negligence of original defendant Vincent, awarded plaintiffs substantial damages, and found that additional defendant Jones was jointly and concurrently negligent in causing the injuries. Judgment was entered in favor of plaintiffs against the original defendant for the amounts specified in the verdict, and in favor of the original defendant against additional defendant Jones for one-half of the recoveries.

*Fouts & Watson for Original Defendant, appellee.*
*Uzzell & Dumont for Additional Defendant, appellant.*

MOORE, J. The first question raised is whether original defendant Vincent states facts sufficient to constitute a cause of action for contribution against additional defendant Jones.

The applicable rules of law are stated in *Hayes v. Wilmington,* 243 N.C. 525, 91 S.E. 2d 673, as follows:

> "1. Liability for contribution under the provisions of G.S. 1-240 may not be invoked except among *joint* tortfeasors. Therefore, in order for one defendant to join another as a third-party defendant for the purpose of contribution, he must allege facts sufficient to show *joint* tortfeasorship and his right to contribution in the event plaintiff recovers against him. *Hayes v. Wilmington,* 239 N.C. 238, 79 S.E. 2d 792.
>
> "2. In order to show *joint* tortfeasorship, it is necessary that the facts alleged in the cross complaint be sufficient to make the third party liable to the plaintiff along with the cross-complaining defendant in the event of a recovery by the plaintiff against him. *Hunsucker v. Chair Co.,* 237 N.C. 559, 75 S.E. 2d 768. Also, the allegations of the cross complaint must be so related to the subject matter declared on in the plaintiff's complaint as to disclose that the plaintiff, had he desired to do so, could have joined the third party as a defendant in the action. *Hobbs v. Goodman,* 240 N.C. 192, 81 S.E. 2d 413; *s.c.,* 241 N.C.

297, 84 S.E. 2d 904. However, it is established by our decision that when a defendant in a negligent injury action files answer denying negligence but alleging, conditionally or in the alternative, that if he were negligent, a third party also was negligent and that the negligence of such third party concurred in causing the injury in suit, the defendant is entitled, on demand for relief by way of contribution, to have such third person joined as a co-defendant under the statute, G.S. 1-240. *Freeman v. Thompson,* 216 N.C. 484, 5 S.E. 2d 434; *Lackey v. Sou. Ry. Co.,* 219 N.C. 195, 13 S.E. 2d 234; *Wilson v. Massagee,* 224 N.C. 705, 32 S.E. 2d 335."

In applying legal principles to the pleadings in that case, the opinion states:

"True, the allegations to the effect that the negligence of the power company concurred with the negligence of Cooper and Neal are made in the alternative, expressly conditioned upon actionable negligence being found against them. However, we think such conditional plea of concurrent negligence is sufficient to enable Cooper and Neal to invoke the right of contribution under the statute, G.S. 1-240. There is no merit in the power company's contention that the conditional plea of joint and concurrent negligence as made by Cooper and Neal is a mere conclusion of the pleader to be disregarded. The form of the plea as made has the sanction of the Court. See *Freeman v. Thompson, supra* (216 N.C. 484); *Lackey v. Sou. Ry. Co., supra* (219 N.C. 195); *Mangum v. Sou. Ry. Co.,* 210 N.C. 134, 137, 185 S.E. 644.

"Nor is there any merit in appellee's further contention that the conditional plea of concurrent negligence made by Cooper and Neal is destroyed by their positive denials of negligence and by their allegations of negligence over against other defendants asserted in other portions of their amended answer. As to this contention, it is enough to say that a defendant who elects to plead a joint tortfeasor into his case is not required to surrender other defenses available to him. Nor may an additional party defendant who is brought in as a joint tortfeasor on cross complaint of an original defendant escape the plea against him by borrowing from contradictory allegations made by the cross-complaining defendant by way of defense against the plaintiff or by way of separate pleas over against other defendants. It is elemental that a defendant may set up and rely upon con-

tradictory defenses. *Freeman v. Thompson, supra* (216 N.C. 484)."

The cross-action in the instant case states facts sufficient to charge additional defendant Jones with negligence in several particulars, and these facts are so related to the subject matter of plaintiffs' complaints as to disclose that plaintiffs, had they desired to do so, could have joined Jones as an original defendant in the action. And Vincent also alleges that if it should be found that he was negligent in any respect as charged in the complaints, then the negligent acts and omissions of Jones joined and concurred with his (Vincent's) negligence in causing plaintiffs' injuries. Vincent asks that Jones be made a party defendant, according to the provisions of G.S. 1-240, in order that he may be required to make contribution in case of a recovery by plaintiffs against Vincent. In our opinion the demurrer was properly overruled. See *Read v. Roofing Co.*, 234 N.C. 273, 66 S.E. 2d 821.

Appellant contends that the court erred in overruling his motion for nonsuit of original defendant's cross-action.

The evidence considered in the light most favorable to the original defendant (he occupies the position of plaintiff in his cross-action for contribution) discloses the following facts:

Testimony of original defendant Vincent: He was travelling east and first observed the bus and the Chevrolet stopped behind it when he was about six car lengths away. He was going slightly upgrade. The highway had three lanes, but the center lane was blocked out with yellow marks and there were only two lanes for traffic. When he was five or six car lengths away he took his foot off the accelerator and his car began to slow down; he began to apply brakes when he was four or five car lengths away and he intended to stop behind the Chevrolet. His brakes were holding at first. When he was three or four car lengths from the Chevrolet his car dashed forward and his head snapped back; he was applying his brakes but they were not stopping the car. At that time he did not realize that his car had been struck behind. He wanted to turn left but this movement was delayed momentarily to allow a meeting car to pass. He turned as soon as he could, but the right front of his car struck the left front of the Chevrolet. He then crossed the highway and came to rest in the ditch. While at the scene a highway patrolman showed him red paint on his rear bumper, and the bumper was dented. He then saw a red Ford standing about one and one-half car lengths behind the Chevrolet. The whole front of the red Ford was smashed in, "the hood was slightly ajar and the front end bent

in." The front end of the Chevrolet was up against the right rear of the bus.

Testimony of additional defendant Jones on adverse examination, introduced by Vincent: Jones owned the red Ford and was driving it on this occasion. He was going east. Jones' car struck the rear of Vincent's car. The Vincent car and the Jones car were both moving when they collided. The Vincent car was in the middle lane when it was struck; it then veered to the left and off the highway. After Jones' car struck Vincent's car it stopped immediately; it did not hit the Chevrolet.

Plaintiffs' evidence is not included in the record. But the verdict established the actionable negligence of Vincent and he did not appeal. Plaintiff's complaint alleges that Vincent was negligent as to lookout, control and speed. From the unchallenged verdict and judgment we must assume that one or more of these specifications of negligence on Vincent's part was a proximate cause of the collision of Vincent's car with the Chevrolet in which plaintiffs were seated and that a collision would have occurred regardless of the activities of Jones.

Vincent alleges that Jones was negligent as to lookout, control, speed and following interval. From the evidence it was permissible for the jury to find that when Vincent's car was three or four car lengths from the stopped Chevrolet, it was struck in the rear by Jones' Ford, knocked forward with added momentum, its brakes rendered ineffective and its control rendered more difficult, and the added momentum continued effective to the moment of the impact of Vincent's car on the Chevrolet. The fact that Jones' Ford collided with the rear of Vincent's car furnished some evidence that Jones was negligent as to speed and control, was following too closely, or failed to keep a proper lookout. *Powell v. Cross,* 263 N.C. 764, 140 S.E. 2d 393; *Dunlap v. Lee,* 257 N.C. 447, 126 S.E. 2d 62; *Clark v. Scheld,* 253 N.C. 732, 117 S.E. 2d 838; *Clontz v. Krimminger,* 253 N.C. 252, 116 S.E. 2d 804. There may be two or more proximate causes of an injury. These may originate from separate and distinct sources or agencies operating independently of each other, yet if they join and concur in producing the result complained of, the author of each cause would be liable. *Barber v. Wooten,* 234 N.C. 107, 66 S.E. 2d 690. If any degree, however small, of causal negligence is attributable to a person, he incurs liability thereby. *Rattley v. Powell,* 223 N.C. 134, 25 S.E. 2d 448. The evidence is sufficient to justify a finding that Jones' negligence remained active and effective to the moment of plaintiffs' injuries, concurred with the negligence of Vincent and contributed to the injuries sustained.

The assignments of error relating to the admission of evidence and the charge are not sustained.

No error.