IOWA NATIONAL MUTUAL INSURANCE COMPANY v. BARBARA RICE SURRATT

No. 7326DC716

(Filed 14 November 1973)

Torts § 3— contribution — no negligence by one defendant — contributory negligence in defendant's cross-action

Plaintiff insurer is not entitled to contribution from defendant where the jury in a third party's action against plaintiff's insureds and against defendant found no negligence on the part of defendant, notwithstanding the jury also found contributory negligence on the part of defendant in her cross-action against plaintiff's insureds.

APPEAL by plaintiff from Stukes, Judge, 18 June 1973 Session of District Court held in MECKLENBURG County.

This is a civil action in which the plaintiff, Iowa National Mutual Insurance Company, seeks to recover the sum of One Thousand Nine Hundred Dollars ($1,900.00) from the defendant, which sum represents one half of the amount of the judgment recovered against the plaintiff's insured in a property damage and personal injury automobile accident case previously tried and reduced to judgment in Gaston County. This former suit involved Paul Springs as plaintiff against co-defendants

Fredrickson Motor Lines, Inc. (Motor Lines), Bill Summitt, employee of Motor Lines and operator of a truck involved in the incident (both of whom constitute the plaintiff's insureds), and Barbara Rice Surratt. There was no appeal from a judgment against the plaintiff's insureds which was satisfied by the Iowa National Mutual Insurance Company. The jury in the Springs' action answered the issue as to the negligence of the co-defendant Barbara Rice Surratt in the negative; however, with respect to Barbara Rice Surratt's cross-action against her co-defendants, the jury found both negligence and contributory negligence.

Within one year from the entry of judgment in this former action, Iowa National Mutual Insurance Company brought this suit to enforce its alleged right of contribution against Barbara Rice Surratt.

After both parties had moved for summary judgment, the trial court denied the plaintiff's motion for summary judgment and for judgment on the pleadings and allowed the motion of the defendant for summary judgment. From this judgment the plaintiff appealed.

*Carpenter, Golding, Crews & Meekins by James P. Crews for plaintiff appellant.*

*Hollowell, Stott & Hollowell by James C. Windham, Jr., for defendant appellee.*

HEDRICK, Judge.

There being no genuine issue as to any material fact, the only question which we must resolve on this appeal is whether plaintiff, as a matter of law, is entitled to contribution from the defendant. A basic prerequisite to plaintiff's right of contribution is that there be joint tort liability. G.S. 1B-1(a); *Pearsall v. Power Co.*, 258 N.C. 639, 129 S.E. 2d 217 (1962); *Wise v. Vincent and Stronach v. Vincent*, 265 N.C. 647, 144 S.E. 2d 877 (1965); *Clemmons v. King*, 265 N.C. 199, 143 S.E. 2d 83 (1965). In the former action instituted by Springs, plaintiff's insureds and Barbara Rice Surratt were sued as joint tortfeasors. If the jury had returned a verdict finding all defendants negligent, then the present plaintiff's contention would be meritorious; however, in the original action, the jury found that the injuries and damages sustained by the plaintiff, Paul Springs, did not result from any negligence of the co-defendant Surratt. Plaintiff, in the present case, appears to be acting

under the misconception that a jury finding of contributory negligence on Barbara Rice Surratt's part in her crossclaim against the present plaintiff's insureds in the original Springs' action was tantamount to a determination of joint tort liability. Clearly, this is an incorrect interpretation of the judgment and verdict in the original case.

The judgment in the Springs' action is *res judicata* as to the matter of contribution between plaintiff and defendant Barbara Rice Surratt.

The judgment below is

Affirmed.

Judges BRITT and PARKER concur.