SHERBERT McKINNEY AND WIFE, VAN McKINNEY, v. FRED DENEEN, DOING BUSINESS UNDER THE FIRM NAME OF DENEEN MICA COMPANY; AND SOUTHERN MICA COMPANY, INC.

(Filed 8 March, 1950.)

**1. Waters and Watercourses § 3—**

A lower proprietor may join in one action separate defendants upon allegations that each washed earth and gravel into the stream which was deposited by the stream on plaintiff's land, resulting in damage.

**2. Same: Eminent Domain § 3—**

Allegations to the effect that defendants pumped water high into the hills and used it to wash tons of earth into the stream, which sediment was deposited on plaintiff's land by the stream, resulting in the damage complained of, alleges a direct invasion of or entry upon plaintiff's land amounting to a taking or appropriation of their property, and not merely the permitting of sediment to run off into the natural course of the stream.

**3. Eminent Domain § 2—**

Private property may not be taken even for a public use without compensation. XIV Amendment to the Federal Constitution. Art. I, sec. 17, and Art. I, sec. 35, of the Constitution of N. C.

**4. Constitutional Law § 11—**

While loss occasioned by restrictions upon the use of property in the exercise of the police power is not compensable, a direct entry upon and appropriation of private property for a public use does not come within this rule.

**5. Statutes § 5a—**

A statute in derogation of the common law must be strictly construed.

**6. Waters and Watercourses § 3: Mines and Minerals § 4b—**

G.S. 74-31 does not purport to relieve persons engaged in mining from liability for damages directly resulting to the lands of a lower proprietor from the discharge into the waters of a stream waste and sediment incidental to the mining of kaolin and mica, and demurrer is erroneously sustained in an action by such lower proprietor to recover damages to his land resulting from the deposit from such sediment thereon by the stream.

APPEAL by plaintiffs from *Pless, J.,* October Term, 1949, YANCEY.

Civil action to recover damages resulting from a continuing trespass upon and appropriation of real property and for injunctive relief, heard on demurrers to the complaint.

Plaintiffs allege that they own and occupy a 100-acre farm lying in part along South Toe River, a nonnavigable stream; that the main part of their land, including the residence, lies on the opposite side of the river from Highway 69; that the land for about 300 feet lies on both sides of the river; that there is a private road from the main body of their land across a ford in the stream to the highway; that due to the topography of their tract and surrounding territory the private road furnishes their only practicable means of ingress and egress; that the defendants are nonriparian owners; that they operate mica-washing machines on a hillside about one-half mile upstream above plaintiffs; that in the course of their business they purchase mica-bearing earth, haul it to their plants, and wash the earth, gravel, and mica schist at the rate of hundreds of tons per day into said river above plaintiffs' land; that as a result of the continuing discharge of such matter in said stream the usefulness of their ford has been destroyed, their road has been filled with soft mud which makes it impassable, mud in large drifts has been forced out on their land and other damage to their freehold has resulted.

Each defendant demurred for the causes set out in their written demurrers which appear of record. In pressing their demurrers they rely primarily on the provisions of G.S. 74-31.

The court, being of the opinion that the constitutionality of said Act is the determinative question, entered its decree in part as follows:

"The Court is of the opinion, and so holds, that the said statute constitutes a valid exercise of the police power. The Court further takes judicial notice of the fact that the mica and kaolin industries in Western North Carolina, and particularly in Yancey County, are the greatest source of livelihood and prosperity in the community affected by this litigation, is of the opinion, and so holds, that said statute is constitutional."

It thereupon sustained the demurrers and dismissed the action at the cost of plaintiffs. Plaintiffs excepted and appealed.

*R. W. Wilson for plaintiff appellant.*

*W. E. Anglin for defendant appellee Deneen and Fouts & Watson and J. H. Winston for defendant appellee Southern Mica Company, Inc.*

BARNHILL, J. Under the decisions of this Court, there is no misjoinder of parties and causes of action. *Lineberger v. Gastonia,* 196 N.C. 445, 146 S.E. 79; *Stowe v. Gastonia, ante,* 157.

McKINNEY *v.* DENEEN.

Plaintiffs do not allege merely that defendants, in getting out and washing the products of mica mines, have allowed waste, water and sediment to run off into the natural course of South Toe River. They allege that defendants, in the operation of their plants, pumped "a stream of water through pipes, hose and nozzles and boring into the earth and cutting loose thousands of tons of earth and washing it down into the said stream" and have otherwise discharged into the stream earth, sediment and waste which have materially decreased the value of their property. They further allege that "the acts of the defendants in pumping the water far from the channel of the stream and high onto the hills, and using it to wash out deep cannons (*sic*) through the hills is not similar to the usage made of the waters of the stream by riparian owners who live along the stream . . ."

In short, the plaintiffs allege a direct invasion of and entry upon their land which amounts to a taking or appropriation of their property. They seek compensation therefor.

That a citizen may not be deprived of his property, even for a public use, without compensation is fundamental. U. S. Const., Amend. XIV; N. C. Const., Art. I, sec. 17, Art. I, sec. 35; *Cook v. Mebane,* 191 N.C. 1, 131 S.E. 407; *Wagner v. Conover,* 200 N.C. 82, 156 S.E. 167.

It is true that the government, in the exercise of its police power, may regulate and place restrictions upon the use of property in order to secure the general safety, public welfare, and good morals of the community, and any incidental loss occasioned thereby is not compensable. But a direct entry upon and appropriation of private property for a public use does not come within the rule.

Furthermore, the Act, G.S. 74-31, upon which the defendants rely is in derogation of the common law and must be strictly construed. *In re Pitchi, ante,* 485. While it authorizes persons engaged in the business of mining kaolin and mica to discharge the water used in washing the products, together with the incidental waste and sediment, into the natural courses and streams of the State, it does not purport to relieve such persons from liability for any damages which may directly result therefrom. It would seem to be nothing more than a modification of the prevailing stream pollution law in the interest of miners of kaolin and mica.

Therefore, a consideration of the allegations of the complaint in the light of the statute does not compel the conclusion that plaintiffs have failed to state a good cause of action.

We do not mean to hold at this time that defendants may not offer in evidence facts and circumstances which would sustain the constitutionality of the Act and invoke its application. We merely conclude that the questions defendants here seek to raise by demurrer are not presented

in such manner as to defeat the plaintiffs' cause of action. The force and effect of the Act as applied to this particular case must rest upon the facts developed at the trial, and such questions must be decided, in the first instance, by the court below as they arise in the trial.

The judgment below is

Reversed.