GEORGIA PHILLIPS AND HUSBAND, JOHN W. PHILLIPS, v. HASSETT MINING COMPANY, A CORPORATION; AND WILSON MICA CORPORATION, AND SOUTHERN MICA COMPANY, INC.

(Filed 2 May, 1956.)

1. **Pleadings §§ 3a, 13—**

The function of a reply is to deny such new matter alleged in the answer or affirmative defenses as the plaintiff does not admit, and to answer any cross action asserted by defendant, but a reply cannot state a cause of action, this being the function of the complaint.

2. **Pleadings §§ 15, 28—Parties joined for contribution by original defendant may not move to dismiss plaintiffs' action against original defendant.**

The original defendant in its answer alleged affirmative defenses and also had additional parties joined for contribution under G.S. 1-240, under its cross-complaint against them. The additional parties filed answers setting forth the same defenses. Plaintiffs, in their reply, reasserted against the additional defendants the facts alleged against the original defendant and stated that they would amend their complaint so as to include the additional defendants as defendants in their action. *Held:* The reply does not constitute an attempt to state a cause of action against the additional defendants and such additional defendants, as to plaintiffs, are strangers to the action, and therefore plaintiffs' action may not be dismissed upon demurrer or motion for judgment on the pleadings made by such additional defendants.

**3. Pleadings § 28—**

Ordinarily, a motion for judgment on the pleadings is in essence a demurrer by plaintiff to the answer of defendant, challenging the sufficiency of new matter alleged by defendant to constitute a defense.

**4. Torts § 4—**

Concert of action is not a requisite of joint tortfeasorship, but if independent wrongful acts of two or more persons unite in producing a single indivisible injury, the parties are joint tortfeasors within the meaning of the law, and the injured party may sue any one or all of them, as he may elect.

**5. Torts § 6—**

Where the injured party elects to sue only one or less than all joint tortfeasors, the original defendant or defendants may have the others made additional defendants under G.S. 1-240 for the purpose of enforcing contribution in the event the plaintiff recovers.

**6. Same: Waters and Watercourses § 3: Mines and Minerals § 4b—Where silt from several mining operations unites in causing injury, each mining company is a joint tortfeasor.**

Plaintiffs alleged that defendant, incident to mining operations, washed silt into a stream, which caused the flooding of the lands of plaintiffs, lower proprietors, and rendered their fords across the stream unusable. Defendant alleged that it had the right to wash silt into the stream, but that if recovery should be had against it, that two other mining companies were committing the same acts and that the silt washed into the stream by it and such others united in causing the injury complained of by plaintiffs. *Held:* The original defendant's cross action is sufficient in substance and form to support an order making the other mining companies additional parties defendant under G.S. 1-240.

**7. Waters and Watercourses § 3: Mines and Minerals § 4b—**

The provisions of G.S. 143-212(3) (d) and G.S. 74-31 afford no defense to an action by a lower proprietor to recover for injuries to his land resulting from the deposit of silt in a stream incident to mining operations.

**8. Pleadings §§ 25, 28—Defendants are not entitled to dismissal upon an affirmative defense not admitted by plaintiffs.**

In this action by a lower proprietor to recover for damages resulting from the deposit of silt into a stream incident to mining operations, defendants alleged that they were the owners of leasehold estates acquired by mesne conveyances from the grantee in a deed executed by plaintiffs, conveying mining rights, with full rights to woods and waters upon plaintiffs' land. *Held:* The plea of the covenant of the deed is an affirmative defense, and in the absence of admission by plaintiffs that defendants possess a leasehold estate in the land of plaintiffs, defendants are not entitled to dismissal of plaintiffs' action upon demurrer or motion for judgment on the pleadings.

APPEAL by defendant Hassett Mining Company from *Huskins, J.,* November Term, 1955, YANCEY.

Civil action *ex delicto* to recover compensation for the wrongful taking of and damage to the lands of plaintiffs, heard on demurrer and motion for judgment on the pleadings.

Plaintiffs owned about fifty-five acres of real property through which South Toe River flows for about one mile. Prior to the happening of the events alleged in the complaint, the river was a mountain stream of clear, pure, useful water, stocked with fish.

On 20 April 1934 plaintiffs conveyed to James A. Mayberry and E. C. Guy all their mineral rights and mineral privileges in said land with full right of excavation in order to mine said property and to deposit waste matter of any and every kind over and upon any part of the lands described in the deed. The deed contains a warranty or covenant in part as follows:

"No question shall be raised as to the right of lateral or sublateral supports of the surface of said lands. The right to construct buildings; tramroads, and water ways or flume lines and all other rights necessary for the mining of said property be and are hereby granted unto the parties of the second part . . . in fee simple . . . Full rights of ingress and regress over and upon said lands is hereby granted and a full right to woods and waters thereon."

On 13 April 1953 defendant Hassett Mining Company, hereinafter referred to as Hassett, began the mining of mica on said river above the home of plaintiffs. Hassett owned jig mining equipment and in the mining of mica by the force of water loosened the dirt from rock so that it would flow through equipment which separates the mica from the soil itself in proportion of approximately one part of mica out of ten. The remaining nine-tenths of the soil, silt, sediment, waste, and water was dumped into South Toe River. This process of mining has proceeded to the extent that said river has become filled with earth, silt, etc., so that the two fords which afforded the plaintiffs a means of ingress to and egress from their farm have become useless as such. The soft mud and muck is so deep that the fords are not usable either by motor-driven or horse-drawn vehicles. During high water the dirt, silt, and other refuse washed in the river overflow the rich-soil lands of the plaintiffs so that such land has become useless for arable purposes, and this amounts to a taking of the riparian rights and the lands of the plaintiffs without compensation.

The plaintiffs sue to recover compensation for the damage to and the taking of their lands by Hassett in the manner alleged.

Hassett admits its mining operation and the deposit of soil, silt, and the like in said river but asserts that such taking is authorized by statute, G.S. 74-31 and G.S. 143-212(3) (d), and constitutes no inva-

sion of the rights of the plaintiffs for which they are entitled to compensation.

Hassett further alleges a cross complaint against the Wilson Mica Corporation, hereinafter referred to as Wilson, and Southern Mica Company, Inc., hereinafter referred to as Southern. It alleges that Wilson and Southern are engaged in like operations above the home of the plaintiffs and are likewise depositing in South Toe River the same kind of silt and soil as is dumped therein by Hassett, and that if any recovery be had against it, it is entitled to the right of contribution from Wilson and Southern, and it prays that Wilson and Southern be made additional parties defendant. An order was entered accordingly. Both Wilson and Southern answered the cross action. Each of them pleads two statutes referred to in Hassett's answer. All three allege that they are the owners of leasehold estates in the lands being mined by them, which estates were acquired by mesne conveyances from Mayberry, the grantee in the deed conveying mining rights executed by the plaintiffs in 1934. They allege in substance that they are depositing silt and dirt in said river as a matter of right, that their conduct in so doing is authorized by statute, and that they are not joint tortfeasors with the defendant Hassett.

Plaintiffs replied to the answers filed by the original defendant and the two additional defendants. In their reply they assert that Wilson and Southern are committing acts similar to those committed by Hassett, and that if they are made parties defendant, they will amend their complaint so as to allege the same cause of action against them that they have alleged against Hassett.

Before answering, Wilson demurred *ore tenus* to Hassett's cross action for that said cross action does not state facts sufficient to constitute a cause of action. This demurrer was overruled by *Pless, J.,* 5 March 1955.

After a jury had been selected and impaneled in the court below, Southern demurred *ore tenus* for that Hassett's cross action states no enforceable cause of action against it. The defendant Wilson moved for judgment on the pleadings dismissing the plaintiffs' action and the cross action of defendant Hassett. The demurrer of Southern was sustained, and the motion for judgment on the pleadings by Wilson was allowed. Judgments were entered accordingly. Defendant Hassett excepted to each judgment entered and appealed. Apparently plaintiffs did not appeal.

*W. K. McLean and R. W. Wilson for plaintiff appellees.*
*C. P. Randolph for defendant appellant.*

*Fouts & Watson, G. D. Bailey, and W. E. Anglin for Wilson Mica Corporation, appellee.*

*Fouts & Watson for Southern Mica Company, Inc., appellee.*

BARNHILL, C. J.   Whether we say this is an action for damages resulting from a continuing trespass or for the maintenance of a nuisance or accord it some other name is immaterial.   Irrespective of the nomenclature used, it is in essence an action in tort for the wrongful damage to and taking of the land of plaintiffs, without compensation, for private gain.

We have here a novel situation.   The plaintiffs have not sued either Wilson or Southern.   They were brought in as additional parties defendant under G.S. 1-240 so that Hassett may enforce its right of contribution in the event plaintiffs recover from it.   Yet the plaintiffs find themselves booted out of court on the motion of Wilson.

It is true plaintiffs, in their reply, reassert against Wilson and Southern the facts alleged against Hassett and state that they will amend their complaint so as to include Wilson and Southern as defendants in their action.   Even so, the reply does not constitute an attempt to state a cause of action as against them.

The function of a reply is to deny such new matter alleged in the answer or affirmative defenses as the plaintiff does not admit and to answer any cross action or complaint asserted by defendant.   Plaintiffs' cause of action must be alleged in the complaint.   *Spain v. Brown,* 236 N.C. 355, 72 S.E. 2d 918.

As plaintiffs do not attempt to allege a cause of action against either Wilson or Southern, these defendants are, as to plaintiffs, strangers to the action which is not dismissible as to plaintiffs on any motion made by these defendants.

While it may sometimes be used by a defendant, ordinarily a motion for judgment on the pleadings is in essence a demurrer by plaintiff to the answer of the defendant.   When the defendant admits the allegations contained in the complaint but pleads new matter in defense, the plaintiff may challenge the sufficiency of the new matter by such motion.   *McGee v. Ledford,* 238 N.C. 269, 77 S.E. 2d 638.

We are somewhat at a loss to comprehend the rationale underlying the judgments entered.   We must assume that they were based on the theory that Hassett, Wilson, and Southern are not joint tortfeasors or that the affirmative defenses pleaded are sufficient in law to defeat the action.   Plaintiffs state a good cause of action, sufficient in substance and form, and the allegations made in the various pleadings by way of further defense are not sufficient, on this record, to support the

judgments. *McKinney v. Deneen,* 231 N.C..540, 58 S.E. 2d 107; *Lineberger v. Gastonia,* 196 N.C. 445, 146 S.E. 79.

What has already been said is perhaps sufficient to dispose of this appeal, but there are other questions raised which, no doubt, will arise again on a retrial. For that reason they should receive attention at this time.

On the facts alleged by plaintiffs and in the answer of the original defendant the three defendants are joint tortfeasors, for only one single and indivisible injury is alleged.

Concert of action is not a requisite of joint tortfeasorship. *Moses v. Morganton,* 192 N.C. 102, 133 S.E. 421; *Lineberger v. Gastonia, supra; Stowe v. Gastonia,* 231 N.C. 157, 56 S.E. 2d 413; *McKinney v. Deneen, supra.*

If the independent wrongful acts of two or more persons unite in producing a single indivisible injury, the parties are joint tortfeasors within the meaning of the law, and the injured party may sue only one or all the tortfeasors, as he may elect. *Evans v. Johnson,* 225 N.C. 238, 34 S.E. 2d 73; *White v. Keller,* 242 N.C. 97, 86 S.E. 2d 795; *Bost v. Metcalfe,* 219 N.C. 607, 14 S.E. 2d 648.

When the aggrieved party elects to sue only one, or less than all the tortfeasors, the original defendant or defendants may have the others made additional defendants under G.S. 1-240 for the purpose of enforcing contribution in the event the plaintiff recovers. *Hobbs v. Goodman,* 240 N.C. 192, 81 S.E. 2d 413; *Wilson v. Massagee,* 224 N.C. 705, 32 S.E. 2d 335; *Hayes v. Wilmington,* 239 N.C. 238, 79 S.E. 2d 792; *Freeman v. Thompson,* 216 N.C. 484, 5 S.E. 2d 434; *Lackey v. Ry. Co.,* 219 N.C. 195; 13 S.E. 2d 234; *Mangum v. Ry. Co.,* 210 N.C. 134, 185 S.E. 644; *Potter v. Frosty Morn Meats, Inc.,* 242 N.C. 67, 86 S.E. 2d 780.

Applying the rule of liberal construction, as we are required to do in cases such as this, we are constrained to hold that the cross action alleged by Hassett is sufficient in substance and form to support an order making Wilson and Southern additional parties defendant under G.S. 1-240 for the purpose of enforcing contribution. While Hassett admits that it is washing sand, silt, and soil into South Toe River with its mining operation, it asserts that it is doing so as a matter of right. It further alleges, however, that if recovery is had against it, then Wilson and Southern are committing the same acts and that the silt and soil washed into South Toe River by it and them unite in causing the single injury complained of by the plaintiffs.

The statutory provisions relied on by Wilson and Southern are not sufficient to defeat either the plaintiffs' cause of action or Hassett's claim to contribution.

G.S. 143-212(3) (d) merely defines the word "waste." G.S. 74-31, which reads as follows: "In getting out and washing the products of kaolin and mica mines, the persons engaged in such business shall have the right to allow the waste, water, and sediment to run off into the natural courses and streams," constitutes no defense to plaintiffs' action. We have already so held. *McKinney v. Deneen, supra,* and cases cited. The General Assembly is without authority to take the property of one citizen and give it to another for private gain. Even when the taking is for a public purpose, the property owner is entitled to notice and an opportunity to be heard and just compensation for the property taken.

We do not at this time decide the question whether the covenant contained in the deed from plaintiffs to Mayberry is sufficient to bar any claim against Mayberry or any other person claiming under him. We have searched the record in vain for any admission on the part of the plaintiffs that any one of the three defendants possesses a leasehold estate in the land of plaintiffs by mesne conveyances from Mayberry. Hence the plea of the covenant is an affirmative defense and must be established by proof before the court can make any intelligent and binding ruling on the question.

Since the questions raised on this appeal, both as to fact and law, will in all probability arise again on a rehearing, we refrain from any further or extended discussion of the legal questions presented by this appeal lest we by so doing prejudice either plaintiffs or defendants.

It follows from what has heretofore been said that the court committed error in entering judgment upon the pleadings and dismissing the action and in sustaining the demurrer entered. Both judgments must be

Reversed.