STACEY N. GREENE, Plaintiff v. WARREN O. ROYSTER, BARBARA R. JACKSON A/K/A BARBARÁ R. ROYSTER, KEVIN ROYSTER, and BRENDA J. McCLAIN, all D/B/A EAST COAST IMPÒRTS, Defendants

No. COA06-1259

(Filed 6 November 2007)

**1. Civil Procedure— motion for new trial— Rule 59—standard of review—abuse of discretion**

Where defendants move for a new trial under only N.C.G.S. § 1A-1, Rule 59(a)(5), (6), and (7), a trial court's discretionary order under Rule 59 for or against a new trial may be reversed on appeal only in those exceptional cases where an abuse of discretion is clearly shown.

**2. Damages and Remedies— punitive damages—denial of motion for new trial**

The trial court did not abuse its discretion in a fraud case involving the sale of an automobile to plaintiff that was unfit for operation by denying defendants' motion for a new trial under N.C.G.S. § 1A-1, Rule 59 even though defendants contend the jury manifestly disregarded the trial court's instructions under N.C.P.I.—Civil 810.98 when it awarded punitive damages to plaintiff, because: (1) the findings support an award of punitive damages under the jury instructions as given based on the reprehensibility of defendants' motives and conduct, the degree of defendants' awareness of the probable consequences of their conduct, the duration of defendants' conduct, the concealment by defendants of the conduct, the existence and frequency of similar past conduct by defendants, and that defendants profited from their conduct; and (2) the trial court's conclusion that the jury's verdict on punitive damages was supported by the evidence was neither arbitrary nor manifestly unsupported by reason.

**3. Damages and Remedies— punitive damages—not awarded under influence of passion or prejudice**

The trial court did not abuse its discretion in a fraud case by denying defendants' motion for a new trial under N.C.G.S. § 1A-1, Rule 59 even though defendants contend the jury awarded excessive punitive damages under the influence of passion or prejudice, because: (1) neither jury selection nor closing arguments could be considered on appeal when they were not included in the record or transcripts; (2) defendant's assertion that the jury

**GREENE v. ROYSTER**

[187 N.C. App. 71 (2007)]

concluded its deliberations quickly was hardly evidence of passion and prejudice per se; and (3) defendants offered no support for their argument that the jury acted with passion and prejudice.

### 4. Fraud— denial of motion for new trial—sufficiency of evidence

The trial court did not abuse its discretion in a fraud case by denying defendants' motion for a new trial as to defendant Kevin Royster based on alleged insufficient evidence that he participated in the transaction complained of by plaintiff or committed fraud against plaintiff, because: (1) defendant did not object to the jury instructions on fraud when given the opportunity by the trial court, nor did he object to the issue as it was stated to the jury or request that a separate issue be submitted regarding his actions only; and (2) the jury's verdict was amply supported by the evidence.

### 5. Appeal and Error— preservation of issues—cross-assignment of error—aggrieved party

Although plaintiff cross-assigned error to the denial of her motion for directed verdict in a fraud case, this assignment of error is dismissed because: (1) the judgment of the trial court in plaintiff's favor remained undisturbed; and (2) plaintiff was not an aggrieved party within the meaning of N.C.G.S. § 1-271.

Appeal by defendants from Judgment entered 13 October 2005 and order entered 23 March 2006 by Judge W. Russell Duke, Jr., in Onslow County Superior Court. Heard in the Court of Appeals 21 March 2007.

*Robert W. Detwiler for plaintiff-appellee.*

*Smith Moore LLP, by Sidney S. Eagles, Jr., for defendants-appellants.*

STROUD, Judge.

Defendants appeal from judgment entered 13 October 2005 granting compensatory and punitive damages to plaintiff upon the jury verdict in an action for fraud, an order entered 23 March 2006 denying defendants' motion for a new trial pursuant to Rule 59 of the North Carolina Rules of Civil Procedure. For the reasons that follow, we affirm.

**GREENE v. ROYSTER**

[187 N.C. App. 71 (2007)]

## I. Background

On 10 September 2001, plaintiff purchased a vehicle, represented as a 1993 Saturn with 77,024 miles on the odometer, from East Coast Imports. East Coast Imports, located at 6315 Gum Branch Road, Jacksonville, North Carolina, was a licensed car dealer, primarily purchasing and repairing salvaged vehicles for resale to the public.

The business known as East Coast Imports was originally started by defendant Warren Royster in the 1980s as Warren Royster & Sons, Inc. d/b/a East Coast Imports. Sometime around 1993, the business went bankrupt as the result of a fire and the assets were transferred to defendant Barbara Jackson, defendant Warren Royster's mother, as East Coast Imports, a sole proprietorship. Defendant Brenda McClain, defendant Warren Royster's ex-wife, worked as the secretary for the business.

On 26 February 2002, Inspector Andrew C. Heath of the North Carolina Division of Motor Vehicles, License and Theft Bureau, conducted a routine business inspection of East Coast Imports. Inspector Heath noticed three vehicle shells each of which had been stripped of its odometer, dashboard plate bearing the Vehicle Identification Number (VIN), and driver's side door containing the federally mandated identifying decal. Inspector Heath then located the confidential VIN for each vehicle.[1] The confidential VINs revealed that the three vehicles in question were a 1996 Chrysler LHS, a 1995 Dodge Neon and a 1993 Saturn SLI., titled to East Coast Imports, Kevin Klink, and plaintiff, respectively.

An investigation revealed that a 1994 Chrysler bearing the VIN of the 1996 Chrysler LHS was being driven by someone at the dealership. The Dodge Neon which was purchased from East Coast Imports by Kevin Klink was repossessed by Warren Royster against the advice of Inspector Heath, stored in a undisclosed location, and therefore not available for examination in conjunction with the investigation.

The investigation further revealed that the car which had been purchased by plaintiff as a 1993 Saturn with 77,024 miles was actually a 1992 Saturn with 226,945 miles. The 1992 Saturn had previously been purchased by East Coast Imports from an auto auction in Maryland as a parts-only vehicle, which Inspector Heath testified was

---

1. A confidential VIN is concealed on each vehicle in a location known only to the manufacturer and law enforcement as a theft prevention measure.

GREENE v. ROYSTER

[187 N.C. App. 71 (2007)]

not fit for operation on the highway and could legally only be stripped for parts or resold to a salvage yard or other dealer. Inspector Heath testified that the dashboard VIN plate, driver's side door with the federal decal, and odometer which had been removed from the 1993 Saturn were found in the 1992 Saturn purchased by plaintiff; those 1993 identifiers had been painstakingly installed into the 1992 Saturn in such a manner as to appear to be original.

There were two Bills of Sale for plaintiff's Saturn: one showing that she had purchased a 1993 Saturn from Brenda McClain on behalf of East Coast Imports on 10 July 2001 for $1,911 and a second Bill of Sale that was sent to the Department of Motor Vehicles in Raleigh showed that plaintiff purchased a 1993 Saturn from Warren Royster on behalf of East Coast Imports on 21 September 2001 for $1,090. On the second Bill of Sale it appeared that plaintiff's signature had been misspelled, and plaintiff testified that she had never seen the second Bill of Sale until this lawsuit.

Inspector Heath identified the Certified North Carolina Title History for the 1993 Saturn which indicated that defendant Barbara Jackson had applied for a "bonded title" for the 1993 Saturn on 18 July 2001. Defendant Barbara Jackson furnished an affidavit showing East Coast Imports had purchased the 1993 Saturn on 25 October 2000 from an auto auction in Maryland, but the invoice from the auction showed it was actually purchased on 25 November 1998. The certified title history also indicated that defendant Barbara Jackson was issued a title to the 1993 Saturn on 12 September 2001, signing it over to plaintiff on 21 September 2001 with a mileage certificate of 77,024 miles and no disclosure of the salvage history or the parts-only designation of the 1992 Saturn which plaintiff actually received. Because the 1992 Saturn was not fit for operation on the highway and had been titled in violation of state law, it was seized from plaintiff and permanently impounded.

On 23 August 2002, as a result of Inspector Heath's investigation of the three cars with altered VINs, an order was entered revoking the motor vehicle dealer's license of East Coast Imports. Defendants continued to sell automobiles with questionable titles even after the revocation of their motor vehicle dealer's license. Evidence adduced at trial showed that on 3 December 2002, defendant Kevin Royster, on behalf of East Coast Imports, affirmatively denied the salvage title history of a 1996 Saab when he sold the car to defendants' trial counsel.

Sometime after the revocation of the motor vehicle dealer's license of East Coast Imports, the Royster family created a new North Carolina corporation, E. Coast Imports, Inc., d/b/a East Coast Imports. The new corporation obtained a. motor vehicle dealer's license on 24 July 2004. Warren Royster owned 40% of the stock of E. Coast Imports, Inc. and Kevin Royster, Robert Royster and Jessica Royster, Robert Royster's wife, all held 20% each. Jessica Royster later divorced Robert Royster, and her interest was acquired by Brenda McClain, Warren Royster's ex-wife. The inventory of East Coast Imports was transferred to E. Coast Imports, Inc., and the business continued selling automobiles.

On 4 May 2004 plaintiff filed a complaint against Warren Royster, Barbara Jackson, Kellum [Kevin] Royster and Brenda J. McClain, all d/b/a East Coast Imports, alleging actual fraud and unfair and deceptive trade practices. Each defendant filed an answer, along with a Rule 12(b)(6) motion to dismiss the complaint, on 7 July 2004. The record does not contain any orders related to the Rule 12(b)(6) motions.

From 10 to 13 October 2005, this action was tried before a jury in Superior Court, Onslow County. On 13 October 2005, the jury returned a verdict for plaintiff on the fraud claim in the amount of $1,911 in compensatory damages and $500,000 in punitive damages, which was reduced to $250,000 pursuant to N.C. Gen. Stat. § 1D-25, and the trial court entered judgment thereon. On 24 October 2005, defendants filed a motion pursuant to Rule 59 of the N.C. Rules of Civil Procedure for a new trial. On 3 November 2005, plaintiff filed a Motion for Specific Findings of Fact pursuant to Rule 52 of the North Carolina Rules of Civil Procedure. On or about 23 March 2006 defendants' motion for a new trial came on for hearing before Judge W. Russell Duke, Jr. From the evidence presented at trial and arguments of counsel upon the defendants' motion for a new trial, the trial court made its findings of fact, conclusions of law and entered an order on 23 March 2006 denying defendants' motion for a new trial. Defendants appeal.

## II. Issues

Defendants contend the trial court erred by denying their motion for a new trial. They contend the trial court's findings of fact in the order denying the motion for new trial were not supported by the evidence. They further contend that the amount awarded for punitive damages violated defendants' constitutional right to due process.

Lastly, they argue the trial court erred by not awarding a new trial to defendant Kevin Royster, on the basis that there was insufficient evidence at trial to support the jury verdict that defendant Kevin Royster committed fraud against plaintiff.

Plaintiff responds that defendants' argument regarding the constitutionality of the punitive damage award is untimely and should not be considered on appeal. Alternatively, they argue that even if this Court considers the constitutionality of the punitive damages award, the amount is within the bounds of due process. Further, they argue that the trial court did not abuse its discretion in denying defendants' Rule 59 motion for new trial for all defendants, because the trial court's findings of fact were supported by competent evidence and the findings of fact supported the trial court's conclusion that there was no justification for granting a new trial. Finally they contend that the evidence was sufficient to support the verdict, therefore the trial court did not err in failing to grant defendant Kevin Royster a new trial. Plaintiff also makes a cross-assignment of error claiming the trial court erred in denying their motion for a directed verdict at the close of defendants' evidence.

### III. Standard of Review

[1] Though defendants' notice of appeal references both the underlying judgment and order denying their motion for a new trial, all of their assignments of error are based on the trial court's denial of their motion for a new trial. We will therefore review only the order denying defendants' motion for a new trial, and determine the standard of review accordingly. N.C.R. App. P. Rule 10(a) ("The scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal.").

Defendants concede that denial of a Rule 59 motion is generally reviewed only for abuse of discretion. They contend however, that "where the [Rule 59] motion involves a question of law or legal inference [this Court's] standard of review is *de novo*." *Kinsey v. Spann*, 139 N.C. App. 370, 372, 533 S.E.2d 487, 490 (2000). Additionally, they contend that "[t]his Court has recognized that '[a]ppellate courts should apply a *de novo* standard of review in deciding whether a punitive damages award is unconstitutionally excessive.'" Appellants Brief at 15 (quoting *Rhyne v. K-Mart Corp.*, 149 N.C. App. 672, 698, 562 S.E.2d 82, 99-100 (2002) (Greene, J., dissenting) (citing *Cooper Indus. v. Leatherman Tool Group*, 532 U.S. 424, 431, 149 L. Ed. 2d 674, 686-87 (2001))).

We note initially that the above-quoted language is from Judge Greene's dissent, and not from the opinion of this Court, an opinion which was subsequently affirmed by the North Carolina Supreme Court. *Rhyne v. K-Mart Corp.*, 358 N.C. 160, 190, 594 S.E.2d 1, 21 (2004). Furthermore, *Cooper Indus. v. Leatherman Tool Group*, the case cited by Judge Greene's dissent, expressly stated "that courts of appeals should apply a *de novo* standard of review when passing on *[trial] courts' determinations* of the constitutionality of punitive damages awards." 532 U.S. 424, 436, 149 L. Ed. 2d 674, 687 (emphasis added).

However, a constitutional question which has not been raised and determined in the trial court will not be considered on appeal. *State v. Elam*, 302 N.C. 157, 159, 273 S.E.2d 661, 663 (1981) (citing cases from both the North Carolina Supreme Court and the United States Supreme Court); *Rhyne*, 149 N.C. App. at 690, 562 S.E.2d at 95 ("It is a long-standing rule that a party in a civil case may not raise an issue on appeal that was not raised at the trial level."); *Kaplan v. Prolife Action League of Greensboro*, 111 N.C. App. 1, 31, 431 S.E.2d 828, 844 (declining to consider a constitutional argument which was not raised at the trial court), *disc. review denied and appeal dismissed*, 335 N.C. 175, 436 S.E.2d 379 (1993); *accord Browning-Ferris v. Kelco Disposal*, 492 U.S. 257, 276-79, 106 L. Ed. 2d 219, 239-41 (1989) (declining to review a punitive damages award for due process violation when that argument was not raised below and instead applying abuse of discretion review pursuant to denial of a Rule 59 motion). Defendants did not raise the constitutionality of the punitive damages award to the trial court, so we will not review this issue, *de novo* or otherwise.

As to the issues that were raised to and determined by the trial court, defendants' contention that *Kinsey* entitles them to *de novo* review is similarly misplaced. According to Rule 59,[2] "[a] new trial may be granted" for the reasons enumerated in the Rule. By using the word "may," Rule 59 expressly grants the trial court the discretion to

_____

2. N.C. Gen. Stat. § 1A-1, Rule 59(a) states:

> A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds:
>
> (1) Any irregularity by which any party was prevented from having a fair trial;
>
> (2) Misconduct of the jury or prevailing party;
>
> (3) Accident or surprise which ordinary prudence could not have guarded against;

determine whether a new trial should be granted. Generally, therefore, the trial court's decision on a motion for a new trial under Rule 59 will not be disturbed on appeal, absent abuse of discretion. *Mumford v. Hutton & Bourbonnais Co.*, 47 N.C. App. 440, 445, 267 S.E.2d 511, 514 (1980). *Kinsey* recognized a narrow exception to the general rule, applying a *de novo* standard of review to a motion for a new trial pursuant to Rule 59(a)(8), which is an "[e]rror in law occurring at the trial and objected to by the party making the motion[.]" 139 N.C. App. at 373, 533 S.E.2d at 490.

However, where as here, the defendants move for a new trial pursuant to only Rule 59(a)(5), (6), and (7), "it is plain that a trial judge's *discretionary* order pursuant to G.S. 1A-1, Rule 59 for or against a new trial . . . may be reversed on appeal only in those exceptional cases where an abuse of discretion is clearly shown." *Worthington v. Bynum*, 305 N.C. 478, 484, 290 S.E.2d 599, 603 (1982) (emphasis in original) (applying abuse of discretion standard when only Rule 59(a)(5), (6), and (7) were raised to the trial court as grounds for a new trial). "Abuse of discretion results where the [trial] court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988)).

## IV. Punitive Damages

**[2]** Defendants' contended in their motion for new trial that the jury manifestly disregarded the instructions of the court, specifically N.C.P.I.—Civil 810.98, when it awarded punitive damages to plaintiff. N.C. Gen. Stat. § 1A-1, Rule 59(a)(5). Alternatively, defendants argued that the jury awarded excessive punitive damages under the influence of passion or prejudice. N.C. Gen. Stat. § 1A-1, Rule 59(a)(6).

---

(4) Newly discovered evidence material for the party making the motion which he could not, with reasonable diligence, have discovered and produced at the trial;

(5) Manifest disregard by the jury of the instructions of the court;

(6) Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice;

(7) Insufficiency of the evidence to justify the verdict or that the verdict is contrary to law;

(8) Error in law occurring at the trial and objected to by the party making the motion, or

(9) Any other reason heretofore recognized as grounds for new trial.

GREENE v. ROYSTER

[187 N.C. App. 71 (2007)]

In its order entered 23 March 2006, the trial court concluded that: (1) the verdict was amply supported by the evidence, and (2) defendants failed to provide evidence of any misconduct by the jury. Accordingly, it denied defendants' motion for a new trial.

The trial court had instructed the jury on punitive damages using N.C.P.I.—Civil 810.98, as follows:

Are the Defendants liable to the Plaintiff for punitive damages?

You are to answer this issue only if you have awarded the Plaintiff relief [for the underlying fraud].

. . . .

What amount of punitive damages, if any, does the jury in its discretion award to the Plaintiff? You are to answer this issue only if you've answered the [previous] issue, yes, in favor of the Plaintiff. Whether to award punitive damages is a matter within the sound discretion of the jury. Punitive damages are not awarded for the purpose of compensating the plaintiff for her damage, nor are they awarded as a matter of right.

If you decide, in your discretion, to award punitive damages, any amount you award must bear a rational relationship to the sum reasonably needed to punish the Defendants for egregiously wrongful acts and to deter the Defendants and others from committing similar wrongful acts. In making this determination, you may consider only that evidence which relates to the reprehensibility of the Defendants' motives and conduct, the likelihood, at the relevant time, of serious harm to the Plaintiff or others similarly situated, the degree of the Defendants' awareness of the probable consequences of their conduct, the duration of the Defendants' conduct, the actual damages suffered by the Plaintiff, any concealment by the Defendants of the facts or consequences of his conduct, the existence and frequency of any similar past conduct by the Defendants, whether the Defendants profited by the conduct, the Defendants' ability to pay punitive damages, as evidenced by his revenues or net worth.

Finally, if you determine, in your discretion, to award punitive damages, then you may award to the Plaintiff an amount which bears a rational relationship to the sum reasonably needed to punish the Defendants for egregiously wrongful acts and to deter

the Defendants and others from committing similar wrongful acts. That amount should be written in the space provided on the verdict sheet.

If, on the other hand, you determine, in your discretion not to award the Plaintiff any amount, then you should write the word, none, in the space provided on the verdict sheet.

When the trial court denied defendants's motion for a new trial, it found facts, all supported by evidence adduced at trial, in support of its conclusion that the jury's punitive damages verdict was amply supported by the evidence. The facts found by the trial court may be succinctly summarized as follows: (1) defendants sold plaintiff a car that was unfit for operation, in violation of state law; (2) considerable efforts were expended to conceal facts of similar conduct by defendants; (3) defendants were well-aware that they were selling unfit vehicles; (4) defendants deliberately concealed information concerning their net worth; and (5) defendants, undaunted by the revocation of their motor vehicle dealers' license, reformed their business as a different corporate entity and continued to sell cars. These findings all support an award of punitive damages under the jury instructions as given, relating to the reprehensibility of defendants' motives and conduct, the degree of the defendants' awareness of the probable consequences of their conduct, the duration of defendants' conduct, the concealment by defendants of the conduct, the existence and frequency of similar past conduct by defendants, and that defendants profited from the conduct.

On these facts, we hold that the trial court's conclusion that the jury's verdict on punitive damages was supported by the evidence that they were instructed to consider was neither arbitrary nor manifestly unsupported by reason. Accordingly, the trial court did not abuse its discretion when it denied defendants' motion for a new trial on that ground.

[3] In their Rule 59 motion, defendants argued, in the alternative, that the jury verdict for punitive damages was rendered under the influence of passion and prejudice. Defendants supported this argument with three assertions: (1) a potential juror was dismissed because he admitted to being incapable of objectivity, (2) plaintiff's closing argument stated that the jury had the ability to close defendants' business, and (3) the jury returned a verdict after deliberating for less than 20 minutes.

**GREENE v. ROYSTER**

[187 N.C. App. 71 (2007)]

Neither jury selection nor closing arguments appear in the record or the transcripts, so we are not able to consider them on appeal. N.C.R. App. P. 9(a). Defendants remaining assertion, that the jury concluded its deliberations quickly, is hardly evidence of passion and prejudice *per se*, and even defendants' Rule 59 motion states only that a short period of deliberation "giv[es] rise to at least the perception of being influenced by passion and prejudice." In sum, defendants offered the trial court no facts which support their argument that the jury acted with passion and prejudice. Accordingly, the trial court did not abuse its discretion when it concluded that there was no evidence of jury misconduct, and denied defendants' motion for a new trial on that ground.

## V. Kevin Royster

**[4]** Defendants next contend the trial court erred in denying its motion for a new trial as to defendant Kevin Royster, because there was no evidence that defendant Kevin Royster participated in the transaction complained of by plaintiff and no evidence that defendant Kevin Royster committed fraud against plaintiff.

At trial, the jury was instructed to answer the question: "Was the Plaintiff, Stacey N. Greene, damaged by the fraud of the Defendants?" The jury was then correctly instructed on the essential elements of fraud: (1) defendant made a false representation of a material fact, (2) calculated to deceive, (3) which was made with intent to deceive, (4) does in fact deceive, (5) was reasonably relied on by the plaintiff, and (6) resulted in injury to the plaintiff. *See* N.C.P.I.—Civil 800.00 (2004). Defendant Kevin Royster did not object to the jury instructions on fraud when given opportunity by the trial court. He also did not object to the issue as it was stated to the jury and did not request that a separate issue be submitted regarding his actions only. The jury unanimously answered yes to the question of fraud.

In its order denying the Rule 59 motion, the trial court made findings of fact, all supported by evidence adduced at trial, which may be succinctly summarized as follows: (1) defendants intentionally changed the VIN on a 1992 Saturn in a deliberate effort to contravene the law and to conceal the fact that the vehicle was unfit for operation; (2) plaintiff purchased the vehicle in reliance on defendants' representation that it was a road-worthy 1993 Saturn; and (3) the State of North Carolina impounded the vehicle, leaving plaintiff without the use of her automobile for more than three years. On these facts, we conclude that the jury's verdict was amply

supported by the evidence, and we hold that the trial court did not abuse its discretion when it denied defendants' motion for a new trial for defendant Kevin Royster.

### VI. Plaintiff's Cross Assignment of Error

[5] Plaintiff cross-assigned error to the denial of her motion for directed verdict. However, because "the judgment of the Superior Court in [plaintiff's] favor remains undisturbed," plaintiff is not an aggrieved party within the meaning of N.C. Gen. Stat. § 1-271. *Teague v. Duke Power Co.*, 258 N.C. 759, 765, 129 S.E.2d 507, 512 (1963); N.C. Gen. Stat. § 1-271 (2005). Accordingly, plaintiff's cross-assignment of error is dismissed.

### VII. Conclusion

For the foregoing reasons, we conclude the trial court did not abuse its discretion when it entered an order denying defendants' Rule 59 motion for a new trial. Accordingly, that order is affirmed, and the 13 October 2005 judgment of the trial court remains undisturbed.

Affirmed.

Judges McCULLOUGH and CALABRIA concur.