IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-335

Filed 4 June 2025

Cumberland County, No. 21CVS007184-250

B.C. and M.B., Plaintiffs,

v.

PALMETTO WELLNESS GROUP NC, LLC d/b/a MASSAGE ENVY –
FAYETTEVILLE; and BRYANT WHITEHEAD; Defendants.

Appeal by Plaintiff M.B. from judgment entered 8 February 2023 and order
entered 6 April 2023 by Judge Claire V. Hill in Cumberland County Superior Court.
Heard in the Court of Appeals 28 January 2025.

> *Patterson Harkavy LLP, by Narendra K. Ghosh and Christopher A. Brook, and*
> *Macam Law PLLC, by Victor Macam, for Plaintiff-Appellant M.B.*
>
> *Jackson Lewis P.C., by Kathleen K. Lucchesi, Denaa J. Griffin, and Jonathan*
> *R. Cavalier (pro hac vice), for Defendant-Appellee Palmetto Wellness Group NC,*
> *LLC d/b/a Massage Envy – Fayetteville.*

COLLINS, Judge.

This appeal arises from a sexual assault at a massage establishment. Plaintiff
M.B. argues that the trial court erred by failing to give a requested jury instruction
on joint and several liability and abused its discretion by denying Plaintiff's Rule 59
motion to amend the judgment entered upon the jury's verdict. For the following
reasons, we reverse the trial court's judgment and remand the matter for a new trial
on damages. We affirm the trial court's order denying Plaintiff's Rule 59 motion.

## I.    Background

In or around June 2016, Defendant Bryant Whitehead was employed as a massage therapist at Hand & Stone Massage and Facial Spa in Fayetteville, North Carolina.  While employed there, Whitehead sexually assaulted another employee, Becca[1].  Becca did not immediately report the incident to her employer and instead sought employment elsewhere.  In November 2016, Becca began working at Massage Envy in Fayetteville, which was owned and operated by Defendant Palmetto Wellness Group NC, LLC.

Not long after, Whitehead applied to work as a massage therapist at Massage Envy.  Upon realizing this, Becca told her manager at Massage Envy about Whitehead assaulting her.  Despite this, Palmetto hired Whitehead.

On 11 September 2017, Plaintiff arrived at Massage Envy for a massage. Massage Envy told Plaintiff that Whitehead was the only massage therapist available at the time and asked Plaintiff if she would agree to receiving a massage from a male massage therapist.  Plaintiff agreed.  Throughout the course of her massage, Whitehead sexually assaulted Plaintiff.  Plaintiff did not immediately report being assaulted, and Whitehead remained employed at Massage Envy.

On 27 November 2017, Whitehead assaulted another female client of Massage Envy.  That client immediately reported it, and as a result, the North Carolina Board

---

[1] "Becca" is a pseudonym.  Although Becca was involved in the underlying proceeding, she is not a party to this appeal.

of Massage and Bodywork Therapy ("Board") placed Whitehead on probation.

Plaintiff reported being assaulted by Whitehead to Massage Envy, the Board, and the police in October 2018. The Board revoked Whitehead's license to practice massage therapy in North Carolina on 10 December 2018.

Plaintiff commenced this action on 6 April 2020 by filing a complaint against a number of defendants, including Palmetto and Whitehead. Plaintiff alleged the following causes of action against Palmetto: negligence; negligent hiring, retention, and supervision ("negligent hiring"); respondeat superior; premises liability; negligent misrepresentation; unfair and deceptive trade practices; and fraudulent concealment. She alleged claims against Whitehead for battery and intentional infliction of emotional distress. In Plaintiff's prayer for relief, she asked that "judgment be entered against all Defendants, jointly and severally."

Whitehead failed to respond to the complaint or otherwise appear, and the trial court entered default against him. The case came for trial on 9 January 2023. Whitehead was not present at trial. At the close of Plaintiff's evidence, the trial court granted Palmetto's motion for a directed verdict as to Plaintiff's claims for respondeat superior, premises liability, and unfair and deceptive trade practices.

At the jury charge conference, Plaintiff requested the trial court instruct the jury on joint and several liability for all damages resulting from her claims against Whitehead and Palmetto. The trial court agreed to instruct the jury on joint and several liability for the damages resulting from Plaintiff's negligence-based claims

against Palmetto but denied the request as to Plaintiff's intentional tort claims against Whitehead.

In charging the jury, the trial court instructed that, by his default, Whitehead had admitted certain facts and thus Whitehead's liability for battery and intentional infliction of emotional distress had been established.

The trial court submitted the following issues relevant to this appeal to the jury:

- the amount of damages Plaintiff was entitled to recover from Whitehead for his battery;

- the amount of damages Plaintiff was entitled to recover from Whitehead for his intentional infliction of emotional distress;

- Plaintiff's liability for negligence, negligent hiring, and fraudulent concealment;

- the amount of damages, if any, Plaintiff was entitled to recover from Whitehead and Palmetto for Palmetto's negligence;

- the amount of damages, if any, Plaintiff was entitled to recover from Whitehead and Palmetto for Palmetto's negligent hiring; and

- the amount of damages, if any, Plaintiff was entitled to recover from Whitehead and Palmetto for Palmetto's fraudulent concealment.

The jury determined Plaintiff was entitled to recover from Whitehead $100,000 for battery; $250,000 for intentional infliction of emotional distress; and $250,000 in punitive damages. The jury found Palmetto liable for negligence and negligent hiring, but not liable for fraudulent concealment. The jury determined Plaintiff was entitled to recover jointly and severally from Whitehead and Palmetto $40,000 for

Palmetto's negligence and $20,000 for Palmetto's negligent hiring.

Plaintiff filed a timely Rule 59 motion to amend the trial court's judgment, asking the trial court to "amend the judgment making the proper conclusions of law so as to apply joint and several liability to all damages awarded in Plaintiff['s] [] favor against joint tortfeasors Defendants Whitehead and [Palmetto.]" After a hearing, the trial court denied the motion by written order entered 6 April 2023. Plaintiff appeals.

## II.    Discussion

### A.  Jury Instructions

Plaintiff first argues that the trial court erred by "failing to instruct the jury on joint and several liability for all damages awarded to Plaintiff." Specifically, Plaintiff contends that the trial court erred by refusing to instruct the jury that Palmetto could be held jointly and severally liable for the damages awarded to Plaintiff for Whitehead's intentional torts of battery and intentional infliction of emotional distress.

#### 1.  Standard of Review

"[This] Court reviews a trial court's decisions regarding jury instructions *de novo*." *Littleton v. Willis*, 205 N.C. App. 224, 228 (2010) (citation omitted). "Under a *de novo* review, the [C]ourt considers the matter anew and freely substitutes its own judgment for that of the trial court." *N.C. Indus. Capital, LLC v. Clayton*, 185 N.C. App. 356, 370 (2007) (brackets and citation omitted). For an error in jury instructions to require a new trial, "it must be shown that a different result would have likely

ensued had the error not occurred." *Chappell v. N.C. DOT*, 374 N.C. 273, 282 (2020) (quotation marks and citations omitted).

A requested jury instruction should be given when "(1) the requested instruction was a correct statement of law and (2) was supported by the evidence, and that (3) the instruction given, considered in its entirety, failed to encompass the substance of the law requested and (4) such failure likely misled the jury." *Outlaw v. Johnson*, 190 N.C. App. 233, 243 (2008) (citation omitted). "When a request is made for a specific jury instruction that is correct as a matter of law and is supported by the evidence, the trial court is required to give an instruction expressing at least the substance of the requested instruction." *Walker v. Town of Stoneville*, 211 N.C. App. 24, 40 (2011) (cleaned up).

### 2. *Joint and Several Liability*

"Joint and several liability is allowed [in a civil case] when (1) defendants have acted in concert to commit a wrong that caused an injury; or (2) defendants, even without acting in concert, have committed separate wrongs that still produced an indivisible injury." *GE Betz, Inc. v. Conrad*, 231 N.C. App. 214, 235 (2013) (citation omitted). Under the second scenario, where "the independent wrongful acts of two or more persons unite in producing a single indivisible injury, the parties are joint tortfeasors within the meaning of the law, and the injured party may sue only one or all the tortfeasors, as he may elect." *Phillips v. Hassett Mining Co.*, 244 N.C. 17, 22 (1956) (citations omitted); *see also Denny v. Coleman*, 245 N.C. 90, 92 (1956) ("[W]hen

the acts of defendants concur to produce a single injury, thus making them joint tort-feasors, plaintiff may sue them jointly or separately.") (citation omitted).

> Where the damage complained of is the indivisible result of several causes, full recovery by a plaintiff does not depend on his ability to apportion the damages; plaintiff needs only to show that the negligence of one defendant was a proximate cause of some of the damage complained of. In order to hold defendant liable for the entire injury, it is not necessary that his negligence be the sole proximate cause of the injury, or the last act of negligence.

*Casado v. Melas Corp.*, 69 N.C. App. 630, 635 (1984) (citations omitted).

The law on joint and several liability does not distinguish between negligent acts and intentional acts committed by defendants. Rather, the law provides that multiple defendants may be treated as joint tortfeasors if they, "independently and without concert of action or unity of purpose, commit separate acts which concur as to time and place and unite in proximately causing the injury." *Ipock v. Gilmore*, 73 N.C. App. 182, 186 (1985) (citation omitted); *see also* Restatement (Second) of Torts § 875 (1977) ("Each of two or more persons whose *tortious conduct* is a legal cause of a single and indivisible harm to the injured party is subject to liability to the injured party for the entire harm.") (emphasis added). "The focus is on the indivisibility of the injury[.]" *Id.* (citation omitted).

Our Uniform Contribution Among Tort-Feasors Act, which codifies the right of contribution among joint tortfeasors, also supports this determination. *See* N.C. Gen. Stat. §§ 1B-1–1B-6 (2023). The Act specifically denies the right of contribution "in

favor of any tort-feasor who has intentionally caused or contributed to the injury or wrongful death." *Id.* § 1B-1(c). In doing so, the statute implicitly acknowledges that defendants who "intentionally caused" an injury may be considered joint tort-feasors under the law. *Id.* Accordingly, if the "independent wrongful acts of two or more persons unite in producing a single indivisible injury," whether the wrongful acts were intentional or negligent, the injured party may recover damages from the defendants, jointly and severally. *See Phillips*, 244 N.C. at 22 (citations omitted); *see also Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 87 (Tenn. 2001) (concluding that "where the intentional actor and the negligent actor are both named defendants and each are found to be responsible for the plaintiff's injuries, then each defendant will be jointly and severally responsible for the plaintiff's total damages") (citation omitted).

An indivisible injury is one that "renders apportionment of damages among the individual tort-feasors impossible." *Ipock*, 73 N.C. App. at 186 (citation omitted); *see also* Restatement (Second) of Torts § 879 (1977) ("If the tortious conduct of each of two or more persons is a legal cause of harm that cannot be apportioned, each is subject to liability for the entire harm, irrespective of whether their conduct is concurring or consecutive."). Apportionment of damages is only feasible where "(a) there are distinct harms, or (b) there is a reasonable basis for determining the contribution of each cause to a single harm." Restatement (Second) of Torts § 433A (1965). It is for the trial court to determine whether a plaintiff's injury is indivisible.

*See Casado*, 69 N.C. App. at 635.

### 3. Requested Jury Instruction

The North Carolina Pattern Jury Instructions provide the following instruction on joint and several liability for concurring acts of negligence:

> People may be held jointly and severally liable for their separate acts of negligence.
>
> In defining proximate cause I explained that there may be two or more proximate causes of [an injury] [damage]. This occurs when separate and independent acts or omissions of different people concur, that is, combine, to produce a single result. Thus, if the negligent acts or omissions of two (or more) people concur to produce the [injury] [damage] complained of, the conduct of each person is a proximate cause. Each person is jointly and severally liable for the [injury] [damage] that results, even though one person may have been more or less negligent than another.

N.C.P.I.—Civil 102.60 (2005).

In this case, Plaintiff submitted the following proposed instruction that modified N.C.P.I. 102.60 to include intentional acts:

> People may be held jointly and severally liable for their separate *intentional and/or* negligent acts.
>
> In defining proximate cause I explained that there may be two or more proximate causes of [an injury] [damage]. This occurs when separate and independent acts or omissions of different people concur, that is, combine, to produce a single result. Thus, if the *intentional and/or* negligent acts or omissions of two (or more) people concur to produce the [injury] [damage] complained of, the conduct of each person is a proximate cause. Each person is jointly and severally liable for the [injury] [damage] that results, even though

> one person may have been more or less *intentional and/or* negligent than another.

(emphasis added).

Plaintiff's requested instruction is "a correct statement of law." *Outlaw*, 190 N.C. App. at 243 (citation omitted). As explained above, joint and several liability does not apply only to negligence-based claims; rather, it applies to wrongful acts, whether negligent or intentional, that have united in causing a single, indivisible injury. *See Phillips*, 244 N.C. at 22. Plaintiff's proposed instruction clarifies that multiple defendants may be held jointly and severally liable "for their separate *intentional and/or* negligent acts." (emphasis added).

Plaintiff's requested instruction also "was supported by the evidence." *Outlaw*, 190 N.C. App. at 243 (citation omitted). Here, the evidence shows that Whitehead's intentional conduct was a foreseeable risk created by Palmetto's negligent conduct. Palmetto's negligence and negligent hiring combined with Whitehead's battery to produce a single, indivisible injury to Plaintiff. Likewise, Palmetto's negligence and negligent hiring combined with Whitehead's intentional infliction of emotional distress to produce a single, indivisible injury to Plaintiff. Furthermore, because the trial court instructed the jury on joint and several liability for damages caused by Palmetto's negligence and negligent hiring, the trial court implicitly—and correctly— determined that Plaintiff's injuries were indivisible. This instruction necessarily required Whitehead's intentional torts and Palmetto's negligent acts to have

produced the same, indivisible injuries.

By failing to give Plaintiff's requested instruction and instead instructing the jury that joint and several liability may apply to injury that results only from concurring negligent acts or omissions, the trial court's given instruction "failed to encompass the substance of the law requested." *Id.*

Finally, "such failure likely misled the jury" because the jury could not award all damages jointly and severally. *Id.*

Accordingly, the trial court reversibly erred by failing to instruct the jury on joint and several liability for all damages awarded to Plaintiff.

### 4. *Respondeat Superior*

Palmetto argues that the dismissal of Plaintiff's respondeat superior claim shows that joint and several liability cannot apply in this case. This argument is misguided; joint and several liability and respondeat superior are separate and independent doctrines.

Under the doctrine of joint and several liability, "although there is a single damage done, there are several wrongdoers. The act inflicting injury may be single, but [behind] that, and essential to liability, lies some wrong done by each tort-feasor contributing in some way to the wrong complained of." *Bowen v. Iowa Nat'l Mut. Ins. Co.*, 270 N.C. 486, 491-92 (1967).

Under the doctrine of respondeat superior, on the other hand, "employers are liable for torts committed by their employees who are acting within the scope of their

employment[.]" *Hendrix v. Town of W. Jefferson*, 273 N.C. App. 27, 32 (2020) (citation omitted). The doctrine relies upon agency principles where "the principal is responsible for the tort of his agent[.]" *Bowen*, 270 N.C. at 492 (citations omitted). The principle's liability is not based on any fault of its own; instead the principle's liability is derivative, based on the agency relationship between the principle and its tortious agent. *Id.* at 491-92.

Here, despite the agency relationship between Palmetto and Whitehead, Palmetto's liability was not merely derivative; rather, Palmetto's liability was based on its own negligence and negligent hiring that combined with Whitehead's wrongs to cause Plaintiff's injuries. *See id.* Accordingly, dismissal of Plaintiff's respondeat superior claim does not defeat the application of joint and several liability in this case.

### 5. *Conclusion*

In summary, the trial court committed reversible error by failing to give Plaintiff's requested jury instruction on joint and several liability. Plaintiff's requested instruction was correct as a matter of law and was supported by the evidence, and the trial court's given instruction "failed to encompass the substance of the law requested." *Outlaw*, 190 N.C. App. at 243 (citation omitted). Furthermore, this error likely misled the jury in its damages award.

Joint and several liability is not a theory of liability; rather, it determines from whom a plaintiff can recover once he proves that the wrongful acts or omissions of two or more defendants concurred to produce a single, indivisible injury. *See Connette*

*v. Charlotte-Mecklenburg Hosp. Auth.*, 382 N.C. 57, 79 (2022). Here, Whitehead's liability was established as a matter of law, and the jury found Palmetto liable for negligence and negligent hiring. Whitehead's and Palmetto's liability need not be relitigated. Further, the trial court correctly determined that Plaintiff's injuries were indivisible. The trial court's judgment is thus reversed and remanded for a new trial on damages only.

**B. Plaintiff's Rule 59 Motion**

Plaintiff next argues that the trial court erred by failing to amend its judgment on the basis of the grounds set forth in N.C. Gen. Stat. § 1A-1, Rule 59. Specifically, Plaintiff contends that the jury's verdict is contrary to law because it failed to hold Palmetto jointly and severally liable for all damages awarded to Plaintiff. Plaintiff asks this Court to remand the case to the trial court with instructions to enter an amended judgment holding both defendants jointly and severally liable for all damages awarded by the jury to Plaintiff, including those resulting from Whitehead's intentional torts.

"Rule 59(e) governs motions to alter or amend a judgment, and such motions are limited to the grounds listed in Rule 59(a)." *N.C. Alliance for Transp. Reform, Inc. v. N.C. DOT*, 183 N.C. App. 466, 469 (2007); N.C. Gen. Stat. § 1A-1, Rule 59 (2023). Rule 59(a) provides a number of grounds upon which a motion to alter or amend judgment may be granted, including: "the verdict is contrary to law," Rule 59(a)(7); there was "[e]rror in law occurring at the trial and objected to by the party

making the motion," Rule 59(a)(8); and "[a]ny other reason heretofore recognized as grounds for new trial," Rule 59(a)(9).

Whether to grant or deny a Rule 59(e) motion is within the sound discretion of the trial court. *Young v. Lica*, 156 N.C. App. 301, 304 (2003). "However, where the motion involves a question of law or legal inference, our standard of review is *de novo*." *Kinsey v. Spann*, 139 N.C. App. 370, 372 (2000) (citation omitted). Accordingly, whether a verdict is contrary to law under Rule 59(a)(7) or an error in law occurred at trial under Rule 59(a)(8) will be reviewed de novo on appeal. *Young,* 156 N.C. App. at 304; *Greene v. Royster*, 187 N.C. App. 71, 78 (2007). The standard of review under Rule 59(a)(9) is abuse of discretion. *Boykin v. Wilson Med. Ctr.*, 201 N.C. App. 559, 561 (2009).

As determined above, the trial court erred by failing to instruct the jury on joint and several liability, and as a result, Plaintiff is entitled to a new trial on damages. However, we cannot say that, had the jury been correctly instructed and the verdict sheet reflected these instructions, the jury would have returned the same award.

"The objective of compensatory damages is to restore the plaintiff to his original condition or to make the plaintiff whole." *Watson v. Dixon*, 352 N.C. 343, 347 (2000) (citation omitted). "[W]here there are joint tort-feasors there can be but one recovery for the same injury or damage . . . ." *Holland v. S. Pub. Utils. Co.*, 208 N.C. 289, 291 (1935) (citation omitted).

Here, the jury was asked to determine damages based on causes of action rather than Plaintiff's injuries; the jury awarded Plaintiff damages for each cause of action. We cannot tell from the face of the verdict sheet whether the jury awarded duplicative damages for the same injuries or instead apportioned the damages between the defendants.

Accordingly, the trial court did not abuse its discretion by denying Plaintiff's motion.

## III.    Conclusion

For the foregoing reasons, the trial court's judgment is reversed in part and the matter remanded for a new trial on damages. The trial court's order denying Plaintiff's Rule 59 motion is affirmed.

REVERSED IN PART AND REMANDED; AFFIRMED IN PART.

Judges WOOD and GRIFFIN concur.